May Term,
1849.

Murphy
v.
The State.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial.

*R. Brackenridge* and *H. Cooper*, for the plaintiff.

*D. H. Colerick* and *J. G. Walpole*, for the defendant.

---

## MURPHY v. THE STATE.

The defendant kept whisky for sale by the quart (having no license to retail), and a person was in the habit of going with a pint bottle to the defendant's shop for whisky. He contracted for a quart, but took only a pint at a time, and when he had used that up would go back for the other pint. *Held*, that this was a sale for only a pint, and the defendant was guilty of retailing without license.

Friday,
June 1.

ERROR to the *Decatur* Circuit Court.

BLACKFORD, J.—This was an indictment for retailing spirituous liquors by a less quantity than a quart without license. Plea, not guilty. The cause was submitted to the Court. There was but one witness examined, and his testimony was as follows:

In *Decatur* county, and within a year before the finding of the indictment, the defendant kept whisky for sale by the quart, (having no license to retail,) and the witness was in the frequent habit of taking a pint bottle and going to the defendant's for liquor. The witness always bought a quart at a time, but had it drawn in the pint bottle, and after he had used that, he would go back for the other pint. Then, the next time he went, he would buy another quart, and take it away a pint at a time, and

so repeated his purchases. Sometimes he paid for the quart when he got the first pint, and sometimes he would not pay until he got the second pint. But he always paid ten cents at a time, that being the price of a quart.

Upon this testimony, the Court gave judgment for the state.

The question presented by this case is, did the defendant sell whisky to the witness by a less quantity than a quart?

It may be considered, from the testimony, that the whisky was drawn by the defendant for the witness from a vessel holding a larger quantity than a quart, the defendant keeping whisky for sale by that quantity; that sometimes the witness did not pay until he got the second pint; and that on each application, the contract was for a quart, but a pint only was drawn from the vessel, and put into the bottle.

According to these facts, there was no actual sale, at any one time, of a quart of whisky. That is shown by the circumstance, that a quart was not, at any one time, drawn from the vessel containing the liquor. To render a sale of goods valid, the specific, individual goods must be agreed on by the parties. It is not enough that they are so far ascertained, that they are to be taken from some specified larger stock, because there still remains something to be done to designate the portion sold, which portion, before the sale can be complete, must be separated from the mass. There is the following case: An agreement was made for the sale of twenty tons of oil in the vendor's cisterns, and the fact was that many of those cisterns contained more than twenty tons. It was held, in an action of trover, that no property passed to the purchaser, because the contract did not attach on any particular portion of oil. *White* v. *Wilks*, 5 Taunt. 176. There is another case as follows: The agreement was for the sale of " ten tons of *Riga* flax, marked *P. D. R.*, at *Davis's* wharf, ex *Vrow Maria*," and the vendors had more than ten tons of flax of this description at said wharf, in mats varying in size, and the ten tons contract-

May Term, 1849.

ed for were not severed from the rest. It was held, in trover, that no property passed to the vendee. *Burk* v. *Davis*, 2 M. & S. 397.

In the case before us, there was a sale of the pint of whisky drawn from the vessel and delivered to the witness, at the time of each contract. For a conversion of such pint, after delivery, the buyer could have maintained trover. But there was no valid sale of the other pint, which remained in the vessel at the time of each contract. Trover for that portion, whilst it remained undrawn, would not have lain by the buyer, because, for the want of being identified, the property in that portion still remained in the seller.

If, after any one of these contracts mentioned by the witness, the vessel with the liquor contained in it had been destroyed whilst in the defendant's possession, the loss of the undrawn portion contracted for, must have been sustained by the defendant.

This view of the case shows, that, according to the testimony, the defendant was guilty of retailing whisky, as charged, by a less quantity than a quart at a time; and that the judgment against him is correct.

*Per Curiam.*—The judgment is affirmed with costs.

*J. A. Matson*, for the plaintiff.

*J. S. Scobey*, for the state.