Nov. Term,
1853.

BRUTTON v. THE STATE.

| | 4 | 601 |
| --- | --- | --- |
| | 124 | 383 |

BRUTTON
v.
THE STATE.

| | 4 | 601 |
| --- | --- | --- |
| | 149 | 235 |

| | 4 | 601 |
| --- | --- | --- |
| | f169 | 160 |

The law in relation to exceptions in a statute is, that if the exception be contained in a subsequent clause or statute, it is matter of defence, and need not be negatived in the information; but if it be closely connected with the enacting clause, or if it be in the same clause of the act which creates an offence, it is necessary to show by negative averment that the defendant is not within the exception.

An information under the first section of the liquor act of 1853, for retailing spirituous liquor without license, did not aver that the liquor was not sold for sacramental, mechanical, chemical, medicinal, or culinary purposes. *Held,* that the information was bad on motion to quash.

An information for retailing spirituous liquor should state the price for which the liquor was sold.

An information for retailing under the liquor act of 1853, stated that the defendant sold less than a gallon, without otherwise specifying the quantity. *Held,* that the information was bad, on motion to quash.

APPEAL from the *Dearborn* Court of Common Pleas.

STUART, J.—It is charged that *Brutton* sold liquor without license. Motion to quash overruled. Trial and judgment for the state.

It is objected to the information that it does not negative the exception in the first section of the act of 1853 as to the sale of liquor for sacramental, mechanical, chemical, medicinal and culinary purposes. The law in relation to exceptions in a statute is well settled. If the exception be contained in a subsequent clause or statute, it is matter of defence and need not be negatived in the information. Thus the statute of 1 *Elizabeth,* c. 2, punishing absence from church, the party "having no reasonable excuse," &c., it is not necessary to aver in the indictment that he had no reasonable excuse for his absence: the matter of excuse comes from the defendant. 1 Chitty Crim. L. 283.—Arch. 48–9. But according to the same authorities, if the exception be closely connected with the enacting clause, or if it be in the same clause of the act which creates the offence, it is necessary to show by negative averment that the defendant is not within the exception. The position of the exception in the statute

*Saturday,*
*December* 31

VOL. IV.—55

Nov. Term, 1853.

BRUTTON
v.
THE STATE.

under consideration is clearly within the rule requiring the negative averment.

This exactness in criminal pleadings is not an idle technicality. But on the contrary, it is a safe and salutary public policy deduced from experience and supported by the weightiest reasons. *Rosenbaum* v. *The State, ante,* p. 599.

This information is also defective in that it does not allege any price or any quantity of liquor sold. To aver a sale of less than a gallon, without specifying the sum and the quantity, is inverting the pleadings and alleging conclusions instead of facts. *Divine* v. *The State, ante,* p. 240.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c. (1)

*J. Ryman,* for the appellant.

*E. Dumont,* for the state.

(1) The judgments in seven other cases of *Brutton* v. *The State* were affirmed, on this day, for the reasons given in this case.