SUTTON *v.* SEARS.

*A.* purchased of *B.*, by a verbal contract, a parcel of land, paid part of the purchase-money, took possession, and made improvements; but afterwards they agreed to rescind the contract, *A.* agreeing to surrender the possession and improvements about the first of *March,* and *B.* agreeing to give *A.* a horse worth 110 dollars, and certain notes. The horse was delivered and accepted. On the 28th day of *February, A.* tendered the possession, &c., and removed from the premises. *B.* refused to execute the notes. *A.* brought suit.

*Held,* 1. That the contract was not void for uncertainty.
2. That it was not void by the statute of frauds.

APPEAL from the *Rush* Circuit Court.

PERKINS, J.—*Sears* filed his complaint against *Sutton,* alleging that on, &c., at, &c., by a verbal contract, he, *Sears,* purchased of *Sutton* a parcel of land, paid part of the purchase-money, took possession, and made improvements to the value of 500 dollars; that subsequently, on, &c., at, &c., it was agreed between the parties that said contract of purchase should be rescinded, upon the following terms, that is to say: *Sears* was to surrender the possession of the premises, and improvements thereon, to *Sutton,* about the first of *March,* 1856. *Sutton* was to give the plaintiff, *Sears,* a horse at 110 dollars, which was then and there actually delivered and accepted, and execute to him two notes, one for 90 dollars, payable on the 25th day of *December,* 1856, and the other for 100 dollars, payable on the 25th day of *December,* 1857. The complaint further alleges that on the 28th of *February,* 1856, he, the plaintiff, tendered to said *Sutton* the possession of said lands and improvements, and removed therefrom himself, but that *Sutton* refused to execute the notes, &c., and still refuses.

The defendant demurred to the complaint. The Court overruled the demurrer. Answer in denial. Trial. Judgment for the plaintiff for the amount for which notes were to have been executed, less the interest. It is claimed that the Court erred in overruling the demurrer to the complaint, for two reasons:

1. That the contract is void for uncertainty.

May Term,
1858.

SUTTON
v.
SEARS.

2. That it is void by the statute of frauds.

We are unable to satisfy ourselves that the contract is void for uncertainty. The terms of it are sufficiently plain and explicit. It comes to this: *Sears* was to surrender a right to *Sutton*, and *Sutton* was to pay him a specified consideration for the surrender. One was to do, the other was to give. This, according to all the books, constitutes a good contract.

Nor do we think it is void by the statute of frauds.

At common law, verbal or parol contracts, otherwise legal, were generally valid. The contract was complete when the minds of the contracting parties arrived at mutual consent, without delivery of the subject-matter, or payment of the consideration. 2 Wend. Black., top pp. 441 to 449.— *Ramsey* v. *Kochenour*, 8 Blackf. 325.—*Bradley* v. *Michael*, 1 Ind. R. 551.— *Wright* v. *Maxwell*, 9 *id.* 192.

But by the statute of frauds, certain parol contracts cannot be enforced, unless something further has been done. 1 R. S. p. 299, *et seq.* They are—

1. Those which charge an executor, &c.

2. Those which charge a person for the debts of another.

3. Those which charge persons upon promises in consideration of marriage.

4. Those which are not to be performed within a year, &c.

5. Those which charge persons for representations of character, &c.

It is needless to say the contract sued on' does not fall within any of these specifications.

But there are two more, besides the provision in relation to trusts. They are—

1. Contracts for the sale of land.

2. Contracts for the sale of goods for the price of 50 dollars or more.

Does the contract sued on fall under either of these specifications? If not, it is not embraced by the statute, and remains good at common law.

It is not a contract for the sale of lands. The title to the land in question was in *Sutton* already. And the im-

provements put upon them, being permanent buildings, &c., were a part of the lands—the realty—and the title to them went with that to the lands.

It was held under our former statute of frauds, which prohibited the enforcement of verbal contracts for the sale of lands, "or any interest in or concerning them," that a sale of crops growing upon lands, or a relinquishment of improvements made upon them, was not within the statute. *Northern* v. *The State*, 1 Ind. R. 113.—*Bricker* v. *Hughes*, 4 *id.* 146.—*Green* v. *Vardiman*, 2 Blackf. 324. If such were the case under the power, much less would such contracts fall within the present statute of frauds, which omits the clause in relation to "interest in or concerning" lands.

Is the contract one for the sale of goods? It is, if within the statute at all; and if so regarded, it is liable to be enforced because earnest was paid upon it. As *Sutton* had paid 110 dollars upon the contract, he could have enforced it against *Sears*. But the remedy must be mutual. The suit was sustainable.

The finding of the jury cannot be disturbed upon the merits.

The damages were not excessive. 2 Parsons on Contracts, 1st ed., p. 485, and notes.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*A. W. Hubbard* and *L. W. Sexton*, for the appellant (1).
*P. A. Hackleman* and *G. C. Clark*, for the appellee (2).

(1) Counsel for the appellant cited 1 Saund. Pl. Ev. 112, 114, 115, 126; *Smith* v. *Smith*, 8 Blackf. 208; *Bailey* v. *Ricketts*, 4 Ind. R. 488; *Howard* v. *Easton*, 7 Johns, 205; 4 Ind. R. 461; *Rowan* v. *Lytle*, 11 Wend. 617; 1 R. S. p. 303, § 22; *Id.* p. 299, § 1; *Id.* p. 233, § 4; *Reed* v. *Rudman*, 5 Ind. R. 409.

(2) Counsel for the appellee cited *Green* v. *Vardiman*, 2 Blackf. 324; *Benedict* v. *Bebee*, 11 Johns. 145; *Frear* v. *Hardenburgh*, 5 *id.* 272; *Noyes* v. *Chapin*, 6 Wend. 461; *Storms* v. *Snyder*, 10 Johns. 109; 1 Pars. Cont. 314; *Lower* v. *Winters*, 7 Cow. 263; 2 Pars. Cont. 485; 21 Wend. 90; 2 Blackf. 465; 3 *id.* 304.