*J. & A. B. Collins*, for the appellants.

*R. Crawford*, for the appellee.

---

## HAVER *v.* THE STATE.

An indictment for selling liquor in a less quantity than a quart must specify the quantity sold: and this is not done with sufficient accuracy, where the quantity is charged to have been "two glasses."

APPEAL from the *White* Circuit Court.

WORDEN, J.—Indictment against *Haver* for retailing. Motion to quash overruled, and exception. Trial and conviction.

*Thursday,
December* 12.

Nov. Term, 1861.

The indictment charges that the defendant "did unlawfully sell intoxicating liquors to *John B. Bunnell*, in a less quantity than a quart, to wit, two glasses," &c. The objection to the indictment is, that it does not set forth the quantity sold. In *Brutton* v. *The State*, 4 Ind. 601, it was held, under the statute of 1853, that an information was defective which charged that the defendant sold by less quantity than a gallon, without setting forth the quantity. *Vide*, also, *Cool* v. *The State*, 16 Ind. 355.

The addition of the words, "to wit, two glasses," does not make the quantity sold any more certain. Two glasses are not necessarily less than a quart. Indeed, a glass of liquor is no definite quantity, any more, as is remarked by counsel for the appellant, than a tub, or a pail, or a kettle full. A glass is no definite quantity known to the law, nor, as far as we are aware, to the commercial or drinking world..

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*Alfred Reed*, for the appellant.
*John L. Miller*, for the State.