*H. C. Newcomb, J. Tarkington,* and *P. S. Kennedy,* for appellee.

---

## THE STATE *v.* MONDY.

RETAILING—LIQUOR LAW.—In an indictment for retailing liquor without a license, it is sufficient to charge that it was intoxicating lipuor, and that the quantity sold was less than a quart, without averring the kind, or exact quantity sold.

APPEAL from the *Tippecanoe* Circuit Court.

GREGORY, J.—The defendant was indicted in the court below for retailing. It is charged that *James Mondy,* on &c., at &c., did then and there unlawfully sell intoxicating liquors, in a less quantity than a quart at a time, to *Lirum Ford,* for the sum of five cents; he, the said *James Mondy,* then and there not having license to sell intoxicating liquor by less quantity than a quart at a time. On motion of the appellee, the Circuit Court quashed the indictment, and the State appeals.

The objection urged is that the kind and precise quantity of the liquor sold are not stated. This is not necessary. To constitute a sale, within the meaning of the act of 1859, it is only necessary that some quantity, less than a quart at a time, be sold for some price. It is urged that to charge that a less quantity than a quart was sold, is stating a conclusion of law, and not a fact, and the case of *Brutton* v. *The State*, 4 Ind. 601, and *Divine* v. *The State, id.* 240, are cited in support of this position. In the latter case, the indictment failed to allege a price for which the liquor was sold; in the former, neither the price nor precise quantity is stated. This court held that the averment of a sale, under such circumstances, is a conclusion of law. This does not cover the case in judgment, and we are not inclined to extend the authority of these cases further than the points ruled, The statute requires no greater degree of certainty in criminal than in civil pleadings, (*M'Cool* v. *The State*, 23 Ind. 127.) and it would be a sufficient statement of a sale, in a civil case, to say that A B sold to C D intoxicating liquor, in a less quantity than a quart at a time, for five cents. Indeed, we cannot see how it can be said that this is stating a conclusion of law, and not a fact. The kind of liquor is wholly immaterial, so that it is intoxicating, it may be a compound.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

*D. E. Williamson*, Attorney General, and *F. B. Everett*, for the State.

*J. M. La Rue*, for appellant.