## DOBSON v. THE STATE.

LIQUOR LAW.—*Sale.*—A person, having no license, who sells intoxicating liquor in quantities of a quart or more at a time, separating that sold from the bulk out of which it is drawn, is not liable to a prosecution therefor, though the same be not then paid for by the purchaser, but charged as a sale on account, and though the purchaser take away less than a quart, leaving the remainder, so separated, subject to his order.

SAME.—*Motive.—Evasion of Law.*—The vendor, in such case, is not punishable, whatever may have been his motive or purpose in making the sale.

From the Madison Circuit Court.

C. D. Thompson, for appellant.

C. A. Buskirk, Attorney General, for the State.

WORDEN, J.—The appellant was indicted for selling, to one William A. Runyon, whiskey by a less quantity than a quart at a time, to wit, one pint, at and for the sum of twenty-five cents, without a license.

Trial by a jury; conviction and judgment. New trial refused.

It appeared by the evidence, that Dobson was a clerk in the drug-store of Vinson & Hughes, and, as such clerk, sold to Runyon at several times whiskey, but never less than a quart at a time. Runyon testified that he never bought less than a quart at a time, but that sometimes he did not take it all away at once; that he sometimes took a part of it away at the time of purchase, and afterward took away the residue.

Dobson also testified that he never sold whiskey to Runyon by a less quantity than a quart at a time; that when Runyon wanted a quart of whiskey, but did not wish to take it all away at once, he would draw him a quart, in a bottle, give him as much as he wanted to take away at the time, and set the residue away for him, in the bottle, subject to his order. Runyon never paid Dobson for any whiskey, but when the latter sold any to the former, it was charged to him on the books of the firm, and settled for with other accounts. The quart was

charged to Runyon, whether it was all taken away at the time or not.

The court charged the jury, amongst other things, as follows : " The evidence in this cause shows that the sale, as by the terms of the contract, was for a quart at a time; but frequently the party purchasing would take a half pint at a time, leaving the residue of the amount purchased to be delivered when he might come again. If, from the evidence, you are satisfied that it was an effort to evade the law, it was no defence," etc.

Besides the impropriety of the court charging the jury as to what was shown by the evidence, the charge, as we think, contains an erroneous statement of the law. We understand the charge to mean, that, though a quart was sold at a time, yet if only a part of it was delivered at the time of sale, and the residue afterward, and if this was an effort to evade the law, the defendant would still be amenable to the law, and liable as for selling by a less quantity than a quart at a time.

If, when Runyon bought his whiskey, it was drawn from the cask into a bottle, and thus separated from the bulk, and set away for him, and charged to him on the books of the company, the title to the whole quart passed to him, though he may have taken away only a part of it at the time of sale. There was nothing further for the vendor to do to identify precisely the thing sold. *Murphy* v. *The State*, 1 Ind. 366. The residue of the quart not taken away by Runyon was, doubtless, at his risk, and the vendor with whom it was left could only be responsible for it as a bailee. The vendor could recover for the whole quart, whether Runyon ever came after the residue or not. Actual delivery of the thing sold is not necessary to the passing of the title to the purchaser. *Sutton* v. *Sears*, 10 Ind. 223; *Sherry* v. *Picken*, 10 Ind. 375 ; *Cloud* v. *Moorman*, 18 Ind. 40.

If the appellant sold a quart at a time, and no less, so as to pass the title to the purchaser, although it may

not have been all delivered at the time, he can not, in our opinion, be guilty of selling by a less quantity than a quart at a time, whatever may have been his motive or purpose in making the sale.

The judgment below is reversed, and the cause remanded for a new trial.