The State v. Zeitler.

---

## THE STATE v. ZEITLER.

LIQUOR LAW.—*Affidavit.*—*Sale to Person in the Habit of Becoming Intoxicated.*—*Quantity.*—An affidavit for an alleged unlawful sale of intoxicating liquor must, to be sufficient, aver the sale of some particular quantity less than a quart, even where the sale is alleged to have been made to a person in the habit of becoming intoxicated.

From the Elkhart Circuit Court.

*T. W. Woollen*, Attorney General, *J. M. Vanfleet* and *E. C. Bickel*, for the State.

*M. F. Shuey*, for appellee.

BIDDLE, J.—Prosecution for unlawfully selling intoxicating liquor, commenced before a justice of the peace.

The affidavit is in the following words:

"August 2d, 1878. Now comes Julia Whitinger, and files her affidavit, that, on the 1st day of July, 1878, at and within said county, John Zeitler did unlawfully sell spirituous, vinous and malt liquors to Adam Whitinger, a person in the habit of being intoxicated, for the price of five cents; said defendant having received notice in writing, of September 12th, 1877, from the wife of said Adam, that he was in the habit of being intoxicated."

Conviction before the justice; appeal to the circuit court, wherein, upon motion of the appellee, the cause was dismissed.

The State appealed.

The defect alleged against the affidavit is, that it does not state the quantity of intoxicating liquor sold. The State insists, that this averment is not necessary. The argument of the counsel is, that, as section 10, 1 R. S. 1876, p. 871, upon which this prosecution is founded, does not mention any given quantity of liquor, it is not necessary to aver it. The statute, however, does not declare any sale of intoxicating liquor unlawful, except a sale of a less quantity than a quart at a time. Sec. 1.

We, therefore, can not hold any sale unlawful, unless it is for a less quantity than a quart at a time, whether made to a person in the habit of being intoxicated or to a minor or any other person. This would be to create a criminal offence by construction, which is beyond our power. And it may be laid down as a general rule in criminal pleading, that, when either time, place, quantity or value

is an ingredient in an offence, it must be averred, or the pleading will be bad.

We could not hold the affidavit in this case sufficient, without impairing, modifying or overruling the following cases: *Rosenbaum* v. *The State*, 4 Ind. 599; *Brutton* v. *The State*, 4 Ind. 601; *Cool* v. *The State*, 16 Ind. 355; *Haver* v. *The State*, 17 Ind. 455; *Walker*, v. *The State*, 23 Ind. 61; *State* v. *Mondy*, 24 Ind. 268; *Manvelle* v. *The State*, 58 Ind. 63.

And if the question was still open, as now advised, we should adopt the same rule.

The judgment is affirmed.