## WEIRETER v. THE STATE.

LIQUOR LAW.—*Sale to Person in Habit of Becoming Intoxicated.— Quantity.*
—In a prosecution under section 10, 1 R. S. 1876, p. 871, for selling intoxicating liquor in a less quantity than a quart, to a person in the habit of becoming intoxicated, after notice not to do so, the evidence showed that the defendant, at the time charged, sold to such person four glasses of lager beer for twenty cents ; that one of these glasses was for the purchaser's own use, and its contents were drank by him, and that the other three glasses were purchased as a treat for three friends who accompanied

him to the saloon, and were drank by them at the same time ; that these glasses held less than a pint each, three of them together holding about a quart.

*Held,* that the evidence shows a sale in a less quantity than a quart, within the meaning of the statute.

PRACTICE.—*Instruction.—Cause for New Trial.—Supreme Court.*—Error in an instruction is a cause for a new trial, and, unless assigned as such, no question arises thereon in the Supreme Court.

SAME.—A cause for a new trial must be assigned with clearness, certainty and particularity.

From the Marshall Circuit Court.

*H. Corbin, M. A. O. Packard* and *O. M. Packard,* for appellant.

*T. W. Woollen,* Attorney General, for the State.

NIBLACK, J.—This was a prosecution upon affidavit and information, against John Weireter, for selling one pint of intoxicating liquor to one Peter Hank to be drank as a beverage, he, the said Hank, being at the time a person in the habit of becoming intoxicated, of which the defendant, Weireter, had received formal notice in writing. 1 R. S. 1876, p. 871, sec. 10 ; *The State* v. *Zeitler,* 63 Ind. 441.

A jury found the defendant guilty and assessed his fine at ten dollars. Motion for a new trial and judgment on the verdict.

Two of the causes assigned for a new trial were as follows :

2. That the verdict was not sustained by sufficient evidence and was contrary to law;

3. Error of law occurring at the trial and excepted to by the defendant at the time.

Error is assigned only upon the overruling of the defendant's motion for a new trial.

The testimony showed, amongst other things, that the defendant, on the 30th day of May, 1878, the day named in the affidavit and information, and after notice not to do so, sold to Peter Hank four glasses of lager beer for the

sum of twenty cents ; that one of these glasses was for Hank's own use, and its contents were drank by him as a beverage in the presence of the defendant, and that the other three glasses were purchased for, and intended by Hank to be a treat for three friends who accompanied him to the defendant's saloon, and were severally drank by those friends at the same time ; that these glasses held less than a pint of beer each, three of them together holding about a quart.

The appellant contends that the evidence showed a sale to Hank of more than a quart of beer at a time, and that hence no offence was committed within the meaning of the statute above referred to as construed by the case of *The State* v. *Zeitler, supra.*

But we cannot so construe the evidence. We think the evidence showed a sale of four several glasses of lager beer containing each less than a pint, within the meaning of the statute construed as above, one of which glasses was specially for the use of Hank, and that, consequently, the case was fairly made out upon the evidence.

The appellant further contends that the court erred in one of its instructions to the jury ; but that supposed error was not assigned as a cause for a new trial, and for that reason no question arises here upon the instruction complained of.

The general reference to error occurring at the trial, contained in the third cause for a new trial, was too indefinite for any practical purpose. Buskirk's Practice, 244; *Douglass* v. *Blankenship*, 50 Ind. 160 ; *Schlicht* v. *The State*, 56 Ind. 173; *Grant* v. *Westfall*, 57 Ind. 121; *Marsh* v. *Terrell*, 63 Ind. 363.

We see no available error in the record.

The judgment is affirmed, with costs.