## WILLIAM H. BUELL v. THE STATE OF INDIANA.

1. *Allegations under the Liquor Law.*—In an information for violating the liquor law in selling intoxicating liquor, it is not necessary to describe the kind of liquor sold.

2. *Jurat to Affidavit—Presumption as to Officer's Signature.*—It will be presumed that the jurat of an affidavit is a lawful one, and that the person by whom the oath purports to have been taken had authority to administer oaths.

3. *Judicial Knowledge as to Clerk.*—A court will take judicial notice of the signature of its officers and of who is its clerk, and what is his signature.

4. *Proof of Quantity of Liquor Sold.*—This proof is essential in a prosecution for selling less than a quart to an intoxicated person.

Filed April 8, 1881.

Appeal from Porter Circuit Court.

Opinion of the court by Mr. Justice Elliott.

The appellant was prosecuted and convicted upon an information charging him with a violation of the liquor law by selling less than a quart of intoxicating liquor to a man who was at the time in a state of intoxication.

The appellant insists that the information is defective because it does not describe the kind of liquor which it charges him with having unlawfully sold. The charge is that the appellant did unlawfully sell a less quantity than a quart, to wit, one gill of intoxicating liquor. The case of *The State* v. *Hannum*, 53 Ind. 335, is decisive of the present. It was there held that it was not necessary to describe the particular kind of intoxicating liquor sold. *Berry* v. *State*, 67 Ind. 222; *State* v. *Snyder*, 66 Ind. 203.

It is also insisted that the affidavit upon which the information is based is not sufficient because it does not appear to have been sworn to before an officer authorized to administer oaths. The jurat is as follows: "Subscribed and sworn to before me this 14th day of October, 1879. RUFUS P. WELLS, C. P. C. C."

It is objected that it does not appear that Rufus P. Wells was the clerk of the Porter Circuit Court, and that the letters C. P. C. C. appended to his name are without meaning. In *Brooster* v. *The State*, 15 Ind. 190, it was held that where the contrary did not appear, it would be presumed in favor of the action of the court below that the person by whom the oath purported to have been administered, did have authority to administer oaths. Courts take judicial knowledge of the signatures of their officers, and we may well presume that the Porter Circuit Court knew the signature of Rufus P. Wells to be that of its clerk.

Counsel earnestly contend that there is no evidence connecting appellant with the offense charged. We think otherwise. The

evidence is indeed very conflicting, but under settled rules we would not be warranted in setting aside the verdict of the jury who had far better opportunities of judging of the credibility of the witnesses than we have.

It is also insisted that there is no evidence showing any sale to Jeremiah Leahey. The evidence shows a sale to a person whom the witnesses call Jerry Leahey, and Jerry Leahey and Jeremiah Leahey are, as we think, shown to be two names for one and the same person. Jeremiah being the true name, and Jerry the familiar abbreviation.

There is no evidence showing the quantity of liquor sold. It is settled by many decisions that, in such cases as the present, the State must show that the quantity of liquor sold was less than a quart. We could not, without violating familiar rules, now hold otherwise. *State* v. *Zerter*, 63 Ind. 441 ; *Rosenbaum* v. *State*, 4 Ind. 599 ; *Cool* v. *State*, 16 Ind. 355 ; *Haver* v. *State*, 17 Ind. 455 ; *Walker* v. *State*, 23 Ind. 61 ; *State* v. *Moody*, 24 Ind. 268 ; *Manville* v. *State*, 58 Ind. 63 ; *Goupe* v. *State*, 67 Ind. 327.

Judgment reversed.

Merrifield & Crumpacker, for appellant.

Attorney General, for appellee.