## THE STATE OF INDIANA v. GEORGE W. CORLL.

1. *Criminal Law—Liquor Law.*—The 12th section of the act of March 17, 1875, (R. S. 1876, p. 689) creates two distinct offenses as to retailing liquors without license, viz: (1.) Selling less than a quart, no matter where it is to be drunk. (2.) Selling liquor to be drunk on the premises, quantity immaterial.

2. *Same.*—Where, therefore, it appears by the affidavit and information in a criminal prosecution under said act, that the liquor was sold to be drunk on the premises, it is not necessary that they should show that the quantity was less than a quart.

3. *Case Overruled.*—*State* v. *Zutter*, 36 Ind. 441, overruled so far as conflicting with this decision.

Filed June 16, 1881.

Appeal from Wabash Circuit Court.

Opinion of the court by Mr. Justice Worden.

Affidavit and information against the appellee for retailing without a license. On motion of the appellee the affidavit and information were quashed, and the State excepted. This ruling of the court is assigned for error.

The affidavit, made by Elam Robbins, stated that " on or about the 1st day of January, A. D., 1880, at the county of Wabash, and State of Indiana, one George W. Corll unlawfully sold to said Robbins one gill of intoxicating liquor, to be drunk, and suffered to be drunk in the house of said Corll where the same was so sold, to-wit, one gill of intoxicating liquor called whiskey, at and for the price

of ten cents in money, he, the said Corll not being then and there licensed to sell intoxicating liquor to be drunk or suffered to be drunk in said house, contrary," etc.

The information followed the affidavit.

The objection urged to the affidavit and information is that they do not allege that the quantity of liquor sold was less than a quart.

This objection is not well taken. The 12th section of the act of March 17, 1875, (1 R. S. 1876, p. 869), provides that "Any person, not being licensed according to the provisions of this act, who shall barter or sell, directly or iudirectly, any spirituous, vinous or malt liquors in a less quantity than a quart at a time, or who shall sell or barter any spirituous, vinous or malt liquors to be drunk or suffered to be drunk in his house, out-house, yard, garden, or the appurtenances thereto belonging, shall be deemed guilty of a mis-demeanor, and upon conviction thereof, shall be fined," etc.

This section creates two distinct offenses, the first branch makes it an offense to sell or barter, without a license, spirituous, etc., liquors in a less quantity than a quart at a time, without reference to the place where they are to be drunk. In a prosecution under the first branch of the section, that is, where it is not averred that the liquors were to be, drunk or were suffered to be drunk in the house, etc., the indictment or affidavit and information must show that the quantity sold was less than a quart. See *Arbintrode* v. *The State*, 67 Ind. 267, and subsequent cases following it. But under the second branch of the section the quantity sold is entirely immaterial. The object of the second branch was to prohibit the barter or sale of such liquors in any quantity, great or small, to be drunk or suffered to be drunk in the house, etc., without a license. *Schlicht* v. *The State*, 56 Ind. 173; *Plunkett* v. *The State*, 69 Ind. 68.

The averments in the affidavit and information brought the case within the second branch of the section of the statute above quoted, and there was no need, therefore, that they should show that the quantity sold was less than a quart.

If there is anything in the case of *The State* v. *Zutter*, 63 Ind. 441, which is in conflict with the foregoing view, it must be to that extent overruled.

We are of the opinion that the court below erred in quashing the affidavit and information.

The judgment below quashing the affidavit and information is reversed with costs, and the cause remanded, for further proceedings.

M. Good and Ohmer H. Boyan, for appellant.

Alex. Hess, for appellee.