# Olmstead *v.* The State.

*Indictment for Selling Liquor without License.*

1. *Selling liquor in quantity less than a quart.*—A conviction can not be had for selling liquor in less quantity than a quart (Code, § 4036), on proof of a single sale of three pint bottles of beer, at the aggregate price of fifty cents, the price of a single bottle being twenty cents.

FROM the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

KELLY & SMITH, and BLACKWELL & KEITH, for appllant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The indictment in this case charges that Percy Olmstead sold spirituous, vinous or malt liquors, without a license, and contrary to law. To sustain the charge, it was essential to prove either a sale in any quantity less than a quart, or in any quantity if the liquor or any part of it was drunk on or about the premises.—Code § 4036.

The evidence on the trial was without conflict, or adverse inference, to the effect that the defendant, at one time, and as one transaction, sold to the State's witness three pint bottles of beer for fifty cents, that being the regular price for three bottles, though the price of each one of the bottles singly was twenty cents; wrapped the three bottles together in a bundle or package, and delivered the same to the purchaser, who carried the liquor off the premises of defendant to his own room, and there drank it. The charge of the trial court, and its rulings on charges requested by the defendant, proceeded on the theory, that these facts made out a sale or sales of three separate and distinct pints of beer, and hence that the defendant was guilty of selling liquor in quanities less than a quart. This view was, in our opinion, erroneous. There was but one negotiation. The purchaser called for and received three pints, or three pint bottles, of beer. But one price was paid, and that commensurate with the value of a quart and a half of the liquor, and not with the value of three distinct pints. But one delivery was made, and that was of a quantity greater than a quart. It can make no difference that the liquor as called

[Terry v. The State.]

for, sold and delivered, was for convenience put up in bottles each containing less than a quart. This fact did not reduce the quantity which was sold, any more than had the purchaser himself furnished the bottles, purchased more than a quart of the liquor, and had it put into the several smaller receptacles. Our conclusion is, that the sale was of a quart, or more; and there being no pretense that the liquor, or any part of it, was drunk on or about the premises, the general charge, as re-quested by the defendant, should have been given.—See *State v. Barron,* 37 Vt. 57; *Murphy v. State,* 1 Car. (Ind.) 366; *Com. v. Very,* 12 Gray, (Mass.) 124.

The judgment of the City Court is reversed, and, inasmuch as the defendant can never be convicted on this indictment, it is ordered that he be discharged.

Reversed, and prisoner discharged.