## BACH *v.* STATE.

### Opinion delivered November 30, 1895.

LIQUOR—ILLEGAL SALE—QUANTITY.—One licensed to sell liquors in quantities not less than one quart will not be liable for selling two pints of whisky in separate flasks, delivered at the same time.

Appeal from Jackson Circuit Court.

RICHARD H. POWELL, Judge.

*M. M. Stuckey* and *Joseph W. Phillips*, for appellant.

Section 4856, Sand. & H. Dig., does not prohibit the sale by a licensed dealer of *one quart* of liquor in *two bottles*. The act does not say it shall be sold in *one vessel* only. Such acts are strictly construed. There was only *one* sale, *one* price, *one* purchase, *one* delivery to *one* person. No subterfuge was shown, nor any attempt to evade the law. 11 Am. St. Rep. 260; 10 *id.* 30; 49 Mich. 384.

*E. B. Kinsworthy*, Attorney General, for appellee.

A quart in quantity means *one quart* in quantity. The legislature did not say less than *two pints*. If the liquor was sold in two pints, or other less quantities, with intent to violate the law, then it was a violation of the law. 37 Miss. 353; 69 Ind. 271; 1 Ired. (N. C.) L. 384, 386; 1 Ind. 366. The meaning of the statute is *one package* containing *not less* than a quart.

PER CURIAM. The appellant, Adam Bach, was indicted and convicted in the Jackson circuit court, after trial by the court sitting as a jury, for selling liquor in quantities less than one quart, without a license, and appealed to this court.

The only question in the case is as to the sufficiency of the evidence to warrant the conviction, which, as taken from the abstract of the attorney general, was as follows, to-wit: "The defendant, Bach, obtained from the Jackson county court a license to sell vinous, spirituous and malt liquors for the year 1895, in the town of Newport, Jackson county, Arkansas, a place where it was lawful for said county court to grant a license, and there is no question raised in this case as to the regularity of the said liquor license, or that the defendant had the right to sell liquors in said town during said year in quantities not less than one quart. That, within one year of the finding of the indictment herein, the said defendant did sell to one Jake Phillips two pints of whisky, the same amounting to one quart, and that the said sale of the said two pints was made to the same person at the price per quart, and at the time of sale the whole quart was delivered to the purchaser ; in fact there was only one sale, one price, one purchaser of two pints, amounting to one quart, delivered at one and the same time. And this was all the evidence."

There being no evidence to show that this putting of the quart of whisky into two pint flasks was a subterfuge or mere device resorted to to evade the law forbidding the sale of whiskey in quantities less than one quart without a license, and the circumstances detailed in evidence not being such as to show that an evasion of the law was intended, the court is constrained to regard the circumstance of putting the quart of whisky into two bottles or flasks as a mere manner of delivery of the whole amount for the sake of convenience, or, at least, might have been the case; and a majority of the court, taking this view of the matter, are of opinion that the circuit court erred in its judgment of conviction.

The cases cited by the attorney general in support of the judgment of the court below do not seem to this court to be altogether applicable. Thus, in each of the cases of *Thomas* v. *State*, 37 Miss. 353, *State* v. *Kirkham*, 1 Iredell L. (N. C.), 384, and *Murphy* v. *State*, 1 Ind. 366, there was no delivery, at the time of the sale, of the whole quantity making up the quart, but substantially, in each case, the purchaser was permitted to take a portion of the whole amount, leaving the remainder to be doled out by portions in the same way, from time to time, as he (the purchaser) should call for it. In those cases it was held that the sale was in quantities less than one quart. The particular point in each was that, while there was a theoretical or pretended sale of the whole amount at one time, there was in fact no delivery at once, except in a quantity less than one quart. The conditions do not answer to the conditions in the case at bar. In the case of *Weireter* v. *State*, 69 Ind. 269, and in *State* v. *Zeitler*, 63 Ind. 441, upon which the former is based, the court was construing a special statute of that state prohibiting the sale of intoxicants in less quantities than one quart to an habitual drunkard. In each of the two cases the delivery

was to several others, as well as to the drunkard, although all the smaller quantities were sold to him. He drank one of them only, and the court held, under the peculiar statute, that the seller sold to the drunkard in a quantity less than one quart. The gravamen of the crime in those cases was the selling to the drunkard, and, as he consumed but the drink,—a quantity less than a quart,—the seller was held guilty.

Reversed and remanded.