(49 South. 170.)

No. 17,481.

STATE v. MORRIS.

In re MORRIS.

(March 15, 1909. On Rehearing, April 26, 1909.)

INTOXICATING LIQUORS (§ 164*) — SALES AT WHOLESALE.

The sale of alcoholic liquors at wholesale not being prohibited in Caddo parish, the offer

[1] Ante, p. 527.

123 LA.—18

to sell at wholesale (different from the offer to sell at retail) is not a crime.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 164.*]

(Syllabus by the Court.)

C. G. Morris was convicted for violation of the liquor law, and applies for writs of cer-tiorari and prohibition. Reversed.

Alexander & Wilkinson, for relator. Wal-ter Guion, Atty. Gen., and James Martin Fos-ter, Dist. Atty. (Ruffin Golson Pleasant and Frank J. Looney, of counsel), for respondent.

BREAUX, C. J. For reasons stated, it is therefore ordered, adjudged, and decreed that the finding of the district court of guilty against defendant, as well as all proceed-ings against him, be avoided, annulled, and reversed, that he be discharged, and his bond canceled. Only on the ground before stated the demurrer is sustained.

LAND, J. I concur in the decree.

### On Rehearing.

BREAUX, C. J. The defendant was prose-cuted before the city court of Shreveport for soliciting and receiving an order for the pur-chase of intoxicants in quantity of five gal-lons and over from his store in the Fourth ward of the parish of Caddo.

He demurred to the affidavit on the ground that act No. 46, p. 61, of 1906, stated no crime or offense.

The demurrer was overruled.

He was fined in the sum of $100, or in de-fault of payment to 30 days' service in jail.

Defendant appealed to the district court, in which court he filed another demurrer, and alleged that act No. 46 of 1906 is illegal, because it violates article 181 of the Consti-tution, as it limits the right of the state to regulate the sale of intoxicating liquors, and inhibits the state from enacting laws abso-lutely prohibiting the sale of intoxicants.

This demurrer, as well as the demurrer filed in the city court, was overruled in the district court, and the sentence of the city court was affirmed by the district court.

The case is not appealable. It is before us on an application for writs of certiorari and prohibition.

. We take up in the first place for decision defendant's ground that act No. 46 of 1906 and section 1211 of the Revised Statutes violate article 181 of the Constitution.

To the end of deciding this point, we here reproduce the article of the Constitution:

"The regulation of the sale of alcoholic or spirituous liquors is declared a police regulation, and the General Assembly may enact laws regulating their sales and use."

In passing upon this point we have to deal with a local regulation, which has become the law of the state in so far as the parish of Caddo is concerned.

Elections which result in favor of preventing the retail of liquors in parishes and districts have never been considered as measures absolutely prohibiting the sale of all liquors, regardless of quantity. They have been considered in the light of a regulation of the retail trade in liquors, and in that light they have received judicial sanction.

It follows that act No. 46 of 1906 and section 1211 of the Revised Statutes do not violate the Constitution (article 181) in so far as they assist and enable the local authorities in carrying out a local ordinance against the sale of intoxicants at retail.

We are not of opinion that they extend further than above stated.

The defendant is charged with having, in Caddo parish, in which "the retailing of spirituous and intoxicating liquors is prohibited," "sought," "solicited," and "received" orders in quantities of five gallons and over from his store in the Fourth ward.

The defendant has been condemned, without regard to whether the soliciting and offering was at retail or wholesale.

The position maintained by the district court was that in either case he was guilty under act No. 46 of 1906.

We are unable to agree with that view. To the extent that defendant legitimately and in good faith solicited sales of five gallons or over he is not guilty of an offense.

We have seen that on the face of the papers he was offering to sell at wholesale, and, so far as we know, in unbroken packages.

There is no law prohibiting the sale of liquor by wholesale.

The statute (No. 46 of 1906) is at first blush sweeping in its terms. If the reason and spirit of this statute be not considered, it might lead to very extreme conclusions. It would create an unexplained and unexplainable difference between a business sanctioned by law and any "offer" made in connection with that business.

The punishment of the offer to sell an article, the sale of which is not prohibited, would be an anomaly in legislation. To permit the sale, and at the same time to punish for offering to sell, is not easily reconcilable.

We will illustrate by the following:

If a statute were directed against soliciting the sale of bread, it would be contrary to all correct principle; it being an article of commerce, the sale of which, of course, is not prohibited.

A statute directed against the sale of intoxicants despite the fact that the liquor itself may be sold at wholesale is for the same reason contrary to established principle.

It will not be denied that liquors can be sold at wholesale.

We do not wish to compare bread, in point of usefulness, to alcoholic liquors. We refer to bread as an illustration.

As long as the sales of liquors at wholesale are not legislated against, they may be sold.

We have seen, further, that the defendant sells liquor at his store within the limits of

the parish of Caddo. He is not a traveling agent or drummer, seeking to interfere with the enforcement of the local ordinance against the retail of liquors. He has the right to sell alcoholic drinks at his counter at wholesale.

It would be unique if he had the right to *sell* articles to drink at wholesale at his counter, but in case he *solicits* the sale of the articles he would be guilty of a crime.

Such statute would fall within the application of the word "solecism."

The act cited might have application if one were to go into the parish for the purpose of soliciting sales at retail, or if the least attempt were made to defeat the purpose of the local option law by such sales.

That is not the purpose here, or, at any rate, in so far as disclosed by the charge. There is no evidence at all before us.

The defendant, on the face of the papers, was prosecuted for selling intoxicants at wholesale, and not at retail. If there is any cause for prosecuting him for selling at retail, it was not brought to the court's attention. It is not sustained by the charge.

Although we have given the subject further thought, we have come to the conclusion that it was best to stop at this point. We are thoroughly convinced that this defendant cannot be held as having committed a crime under the circumstances of this case. Why should we go further in deciding? It would be a mere moot point, amounting to nothing, deciding that which it is not necessary to decide.

The purpose of the defense was the acquittal of the defendant. Can he complain when his purpose has been accomplished?

It will be time enough to decide the issue when it is made to appear that a defendant has violated the law by soliciting sales at retail.

Limiting our conclusion to the foregoing reasons exclusively, we decline to grant a rehearing. We only affirm the conclusion of the court, before announced, on the ground here announced exclusively, and go no further.

Rehearing refused.