(53 South. 596.)

No. 18,351.

STATE v. SPENCE et al.

(Nov. 14, 1910.)

*(Syllabus by the Court.)*

1. INTOXICATING LIQUORS (§ 148*)—ILLEGAL SALE IN PROHIBITION PARISH — "WHOLESALE DEALER."

Under the general license act (No. 171 of 1898, p. 387), no person is deemed a wholesale dealer unless he sells to dealers for resale. Hence a dealer in intoxicating liquors, who sells to individuals for consumption, is a retailer, and may be properly convicted as such in a prohibition parish.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 148.*

For other definitions, see Words and Phrases, vol. 8, pp. 7450, 7451.]

2. INTOXICATING LIQUORS (§ 25*)—LOCAL OPTION—STATUTORY PROVISIONS.

The provisions in the charter of the town of Lake Charles, withdrawing said corporation

from the jurisdiction of the police jury of the parish of Calcasieu for certain purposes, were repealed as to local option by Acts No. 76 of 1884 and No. 221 of 1902.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 31; Dec. Dig. § 25.*]

3. COMMERCE (§ 41*)—INTERSTATE COMMERCE—INTOXICATING LIQUORS — RIGHT TO SELL LIQUOR SHIPPED FROM ANOTHER STATE.

The interstate commerce act (Act Cong. Aug. 8, 1890, c. 728, 26 Stat. 313 [U. S. Comp. St. 1901, p. 3177]) confers no right to sell in the state of Louisiana intoxicating liquors shipped from another state of the Union.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 30, 31; Dec. Dig. § 41.*]

*(Additional Syllabus by Editorial Staff.)*

4. WORDS AND PHRASES—"WHOLESALE."

The primary and usual meaning of the word "wholesale" is the sale of goods in gross to retailers who sell to consumers.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 8, p. 7450.]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

J. E. Spence and others were convicted of selling liquor without a license, and the mentioned defendant appeals. Affirmed.

Mitchell & Young and Percy C. Smith, for appellant. Walter Guion, Atty. Gen., Joseph Moore, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

LAND, J. Defendants were charged by information with retailing spirituous and intoxicating liquors without a license in the prohibition parish of Calcasieu. They were tried and convicted. J. E. Spence was sentenced to pay a fine of $500 and costs or be confined in the parish jail for a period of six months, from which he prosecutes this appeal. The sentence of S. E. Spence was suspended.

The principal point for decision is whether a wholesale merchant is violating the law in prohibition territory when selling intoxicants in quantities of five gallons or more to individuals for personal use and consumption, or, in other words, whether such a sale is by wholesale or by retail.

There is no statute in this state requiring a special license for selling intoxicating liquors by wholesale, but such business is licensed in the same manner as the business of selling merchandise.

The general license act in force defines the term wholesale dealer as follows, to wit:

"That no person or persons shall be deemed wholesale dealers unless he or they sell by the original or unbroken package or barrel only; and provided, further, that no person or persons shall be deemed wholesale dealers unless he or they sell to *dealers for resale*. If they sell in less quantities than original, unbroken packages or barrels they shall be considered retail dealers and pay license as such." Act No. 171 of 1898, p. 394. (Italics ours.)

"The primary and usual meaning of wholesale is the sale of goods in gross to retailers, who sell to consumers." A. & E. E. L. vol. 30, p. 518.

Black says:

"In reason, however, and upon a right use of language, the distinction between wholesale and retail (in the absence of statutory definitions) should be made to depend not solely on the quantity sold, but also upon the purpose of the sale and the character of the purchaser." Black on Intoxicating Liquors, § 23.

See, also, Bishop on Statutory Crimes, § 1017; Olmstead v. State, 90 Ala. 634, 8 South. 668; Bach v. State, 61 Ark. 326, 33 S. W. 210.

After defining the term "wholesale dealers," the statute proceeds to fix the license for "every business of selling at retail," and adds the following proviso:

"That if any distilled, vinous, malt or other kind of mixed liquors be sold in connection with the business of retail merchant, grocer, * * * or in less quantities than five gallons, the license for such additional business shall be as hereinafter provided for in section 13 of this act; provided further, that no license shall issue to sell liquors in less quantities than five gallons for less than one hundred dollars."

Section 13 of the act relates to the business of barroom, cabaret, café, etc., and fixes licenses for conducting the same on the basis of the gross receipts of the business.

Section 6 of Act 171 of 1898 defines the term "wholesale dealers" as persons who "sell to dealers for resale," and there is no provision in that or any subsequent section of the statute, which changes, alters, or restricts said definition. In the same paragraph, after defining the term "wholesale dealers," it is enacted:

"That for every business of selling at retail, * * * the license shall be based on the gross annual amount of sales." Id. p. 394.

It follows that every dealer is a retailer who is not within the definition of wholesaler.

In the prohibition parish of Calcasieu there can be no lawful retailers or dealers for resale in intoxicating liquors; and the contention of the defendant is, therefore, reduced to the proposition that a dealer who sells to individuals for consumption is a wholesaler. A construction that wipes out the words of a statute is wholly inadmissible.

Act. No. 221 of 1902, p. 451, vests the exclusive power in the governing authorities of the several parishes and municipalities of the state "to make such rules and regulations for the sale or prohibition of the sale of intoxicating liquors as they may deem advisable, and to grant or withhold licenses from drinking houses and shops * * * as a majority of the legal voters * * * may determine by ballot."

The voters of the parish of Calcasieu have voted for the prohibition of the sale of intoxicating liquors within the territorial limits of their parish. The will of the people thus voiced should be enforced by the courts, and to that end the laws should be liberally construed in favor of the prohibition of the sale of liquor within the limits of said parish. In this case the defense is not good even from a technical standpoint.

Act No. 176 of 1908, p. 236, known as the "Gay-Shattuck law," does not define the words "wholesale" or "retail," and by its very terms applies only to districts where the sale of liquor is permitted. Id. § 14.

The case of State v. Morris, 123 La. 545, 49 South. 170, has no application, as the accused was prosecuted for offering to sell intoxicating liquors at wholesale. Id. p. 549.

We concur in the opinion of the district judge that the provisions of the charter of Lake Charles withdrawing said corporation from the jurisdiction of the police jury of the parish except for certain purposes have been repealed as to local option by Acts No. 76 of 1884 and No. 221 of 1902. See Garrett et al. v. Mayor et al., 47 La. Ann. 618, 17 South. 238.

We also concur in the opinion of the district judge that the contention of defendant that he had the right to sell the beer because it was bought in Missouri to be shipped to him in Louisiana is without merit. See Act Cong. Aug. 8, 1890, c. 728, 26 Stat. 313, U. S. Comp. St. 1901, p. 3177, Fed. Stat. Ann. Vol. 3, p. 853; also, Vance v. Vandercook Co., 170 U. S. 445, 18 Sup. Ct. 674, 42 L. Ed. 1100.

It is therefore ordered that the sentence be affirmed.