(57 South. 994.)

No. 19,145.

STATE v. POMERANKY.

(Feb. 26, 1912.   Rehearing Denied March 25, 1912.)

*(Syllabus by the Court.)*

INTOXICATING LIQUORS (§ 148*)—OFFENSES—SALES BY WHOLESALER.

As there can be no lawful retailers of intoxicating liquors in a prohibition parish, local sales by a wholesaler to illicit venders of liquor will be treated as unlawful sales to individuals.   State v. Spence, 127 La. 336, 53 South. 596, reaffirmed.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 148.*]

Breaux, C. J., and Provosty, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; Thomas F. Bell, Judge.

John Pomeranky was convicted of violating the liquor law, and appeals.   Affirmed.

Blanchard & Barret & Smith, for appellant.   Walter Guion, Atty. Gen., and J. M. Foster, Dist. Atty. (G. A. Gondran, of counsel), for the State.

LAND, J.   The information charged that the accused "unlawfully did keep a grog or tippling shop, and did retail spirituous and intoxicating liquors, without previously obtaining a license from the police jury of the parish of Caddo, or the municipal authorities of the city of Shreveport."

The accused moved for a bill of particulars, as to kind and quantity of liquor sold. The district attorney in response stated that intoxicating beer was sold, and "that he elects to make this presentation for retailing spirituous and intoxicating liquors."

On the trial of the case, the prosecution offered evidence to prove that the accused had sold a case of 11 dozen bottles of beer, containing more than 5 gallons, to the Peerless saloon, an establishment operated by Warren and Parker, secret detectives, who were doing a retail liquor business under the sanction of the superintendent of public safety of the city of Shreveport, for the purpose of apprehending violators of the prohibition law.   This evidence was objected to by the accused for the reason that he was charged with *retailing* intoxicating liquors, both in the information and bill of particulars, and for the further reason that the accused was a wholesaler, selling in wholesale and unbroken packages to a retailer, who was permitted by the authorities to carry on a retail business in the city of Shreveport. These objections were overruled by the trial judge for the following reasons, to wit:

"That the parish of Caddo is prohibition territory, and there can be no lawful retailers of liquors or dealers for resale of intoxicating liquors within our borders."

In State v. Spence, 127 La. 336, 53 South. 596, this court held that a "wholesaler" of liquor is one who sells to dealers for resale, in original, unbroken packages or barrels; and that a dealer, who sold intoxicants in quantities of five gallons or more to individuals for personal use and consumption, was a "retailer."   As there can be no lawful retailers or dealers for resale in a prohibition parish, the question is whether persons who retail intoxicating liquors in a prohibition district can be considered as occupying the legal status of dealers for resale.   In common parlance, such persons are called keepers of "blind tigers," and are not retailers in the sense of the revenue laws of this state, which refer only to licensed dealers.   The illicit seller of intoxicating liquors is no more

a retail merchant than a smuggler is an importer. In short, illicit venders cannot be recognized as merchants or dealers, and must be treated as individual violators of the criminal laws of the state. If a wholesaler, in a prohibition parish, cannot lawfully make local sales of intoxicants to individuals for consumption, for a much stronger reason he cannot lawfully sell to illicit venders of intoxicants in the same parish. In the latter case, the wholesaler becomes a kind of accessory to a criminal offense.

We therefore conclude that the ruling complained of by the appellant is a correct exposition of the law applicable to the case.

Sentence affirmed.

See dissenting opinions of BREAUX, C. J., :57 South. 995, and of PROVOSTY, J., 57 South 996.