SOMMERVILLE, J.
The state of Louisiana sues the defendant brewing company for licenses for the years 1910, 1911, 1912, and 1913, at the rate of $200 for each year, for retailing alcoholic liquors during the said years, in the town of Franklin, in this state.
Defendant answers, denying that it is a retail dealer in liquors, but admitting that it had sold beer in the original and unbroken packages, as imported from the state of Missouri into this state, directly to consumers, and that said packages contained more than five gallons.
There was judgment in favor of defendant, and plaintiff appeals.
The case was tried on an agreed statement of facts, to the effect that defendant company was domiciled in the city of St. Louis, Mo.; that it sold in the original and unbroken packages only; that it generally sold its beer to retailers, and only in quantities' of over five gallons in each package, and only in the original and unbroken packages;. that during the years indicated it had a warehouse in Franklin, La., where it had made several sales of beer to consumers, that is, to persons who were not retailers, in the parish of St. Mary, in quantities exceeding five gallons in each sale; that it has paid a wholesale license tax to the state of Louisiana for the years indicated; and that “the plaintiff bases its demand in this suit for: a retail liquor license upon the authority of act No. 176 of 1908 of the Legislature of Louisiana.”
Plaintiff states:
“The only question for the court to consider is whethfer the sale of beer by a brewing company, in quantities exceeding five gallons, direct to consumers for use, and not for retail, comes under the head of retailing liquor.”
Reference to Act No. 176 of 1908, p. 236, shows that the suit of the state for retail liquor licenses from defendant cannot be maintained. The title to that act shows that it is one to regulate the business of barrooms or other places where alcoholic or spirituous, vinous, or malt liquors, or intoxicating beverages, are sold in quantities of less than five gallons'; and section 3 of the act carries out this provision of the title, and restricts the provisions of the act to sales of liquors of quantities of less than five gallons. It is clear that the act has no application to the defendant, which sells in the original and unbroken packages in quantities over five gallons.
Act 176 of 1908, the Gay-Shattuck Law, is a police regulation, governing barrooms and similar places where liquors are sold in less quantities than five gallons; and this act, in section 11, makes it—
“unlawful for any firm, corporation or any officer, director or stockholder of any corporation engaged in the business of brewing or distilling, manufacturing, or selling, or distributing, by wholesale of intoxicating liquors, to obtain a license for the business of conducting a barroom, * * * or to be interested financially in concerns so engaged, or -to be the owner, or lessee, or to be interested in the lease of any premises used for any such business under the provisions of this act.”
Counsel for plaintiff argues that it would be a great hardship upon retailers of liquor if defendant is permitted to sell to consumers in quantities of more than five gallons in the original and unbroken packages, as they are imported into this state, without requiring it to pay a retail liquor license. That is a matter which entirely rests with the Legislature, and not with the courts.
*575 It is unnecessary to review the provisions of the general license act, No. 171, 1898, § 11, p. 408, which fixes the brewer’s license at $20, for the reason that the state is not claiming that license, or any license under said act.
In the case of State v. Pabst Brewing Co., 128 La. 770, 55 South. 349, we hold that that company was liable for a retail liquor dealer’s license under the Gay-Shattuck Law, for the reason that it sold beer in quantities less than five gallons, although sold in the original and unbroken packages, to consumers and dealers indiscriminately.
We made a similar application under the act in the case of State v. De Bary & Co., 130 La. 1090, 58 South. 892, where the defendant sold imported wine and liquors in the original and unbroken packages, but in quantities of less than five gallons.
Plaintiff relies on the decision in the case of State v. Spence et al., 127 La. 336, 53 South. 596, where defendants were prosecuted for retailing spirituous and intoxicating liquors without a license in the prohibition parish of Calcasieu.
It is expressly provided in the Gay-Shattuek Law, Act 176, 1908, that its terms and provisions shall have no effect whatever in prohibition territory. The case of Spence et al. was therefore decided without reference to that act. We there held that the general license act of 1898, containing the definition of wholesale and retail dealers, would govern in deciding whether defendants were wholesale or retail dealers; and we concluded that defendants were retailers of spirituous liquors as found in the indictment; and we affirmed the judgment appealed from, which found them guilty and sentenced them to punishment.
The Gay-Shattuck Law, under which the state claims the licenses from this defendant, does not cover wholesale dealers at all, and it does not define who retailers are; but, according to the provisions of that act, one who sells in original- and unbroken packages in quantities of more than five gallons is. excluded by its terms, and cannot be compelled to pay a license thereunder.
Judgment affirmed.
PROVOSTS', J., being absent on account of illness, takes no part.