*J. W. Burton* and *R. A. Clements*, Jr., for appellee.

---

## BROOSTER *v.* THE STATE.

Where an affidavit, upon which an information for assault and battery was based, purported to have been made in the county in which the cause was tried below, before one *A. B.*, but without designating his office, and a motion to quash was made and overruled, it must be presumed that the Court below was fully advised that he was a person authorized to administer oaths.

An information charging an assault and battery upon "a certain boy whose name is unknown," is within the requirements of the statute.

Erroneous instructions will not be allowed to reverse a judgment, where the evidence plainly sustains the finding of the jury.

APPEAL from the *Carroll* Common Pleas.

DAVISON, J.—Prosecution for an assault and battery. The affidavit, upon which the information was founded, is in these words:

"State of *Indiana*, *Carroll* county, *Carroll* Court of Common Pleas, vacation of *March* term, 1859. *Martin Foster*, upon oath says, that on, &c., at, &c., one *Frederick Brooster*, did unlawfully, in a rude and angry manner, strike, beat, and abuse a certain boy, whose name is unknown to the affiant, contrary, &c. (Signed), *Martin Foster*. Subscribed and sworn to, *February* 26, 1859. (Signed), *J. C. Applegate*."

Defendant moved to quash the affidavit, on the ground "that it does not appear to have been taken before 'an officer authorized to administer oaths.'" His motion was overruled, and he excepted. The statute requires such affidavit to be made before such officer. 2 R. S., § 20, p. 364. And did it appear that "*J. C. Applegate*," before whom it purports to have been taken, was not an officer of that character, the objection would have been available. But the affidavit, on its face, shows that it was made in *Carroll* county, and the motion to quash having been refused, it must be presumed that the Court was fully advised that "*J. C. Applegate*" was an officer authorized to administer oaths. Indeed, the record shows that a person of that name was the judge of the *very* Court in which the affidavit appears to have been taken and filed; hence, the inference that it was made before that officer may be fairly indulged.

The information charges that *Brooster*, on, &c., at, &c., did unlawfully strike and beat a certain boy, "whose name is unknown," contrary, &c. There was a motion to quash overruled, and the defendant excepted. The ground of this exception is that the phrase, "whose name is unknown," is equivalent to an allegation, "that his name is unknown to the whole world, and that consequently he has no name, nor even an existence." We are not inclined to adopt this construction. The attorney for the State having made and filed the information, the terms used in that pleading, viz: "whose name is unknown," evidently intend that the name of the boy was "unknown" to the pleader, and nothing more. The informa-

Nov. Term,
1860.

BROOSTER
v.
THE STATE.

*Wednesday,
December* 5.

Nov. Term,
1860.

tion is, in our opinion, within the requirements of the statute. 2 R. S., § 60, p. 368.

The cause was submitted to a jury, who found the defendant guilty. Motions for a new trial and in arrest, overruled; and judgment given on the verdict.

At the proper time, the defendant moved to instruct as follows: "If the name of the injured party was known to the *prosecuting witness*, at the time the prosecution was commenced, and this appears in the evidence, the defendant should be acquitted." This instruction the Court refused, but, on its own motion, gave the following: "The jury in this case have nothing whatever to do with the name of the injured party; that has been settled by the Court." The instruction moved by the defendant was correctly refused, because it could not be material, on the trial, whether the name of the injured party was, or not, known to the prosecuting witness. If his name was unknown to the prosecuting attorney when he filed the information, though it may have been known to the witness, the jury were not authorized, on that account, to acquit the defendant. The instruction given is not strictly correct, but the error in giving it will not be allowed to reverse the judgment, because the evidence plainly sustains the finding of the jury. It proves the guilt of the defendant, as charged in the information, "beyond a rational doubt." The verdict being thus right on the evidence, we are not allowed to presume that the instruction, though erroneous, misled the jury.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. H. Gould* and *L. Chamberlain*, for appellant.