BERRY ET AL. *v.* THE STATE.

LIQUOR LAW.—*Sale to Intoxicated Person.—Indictment.*—An indictment charged, that, at, etc., on, etc., the defendant " did unlawfully sell to " F. K. " one gill of intoxicating liquor, at and for the price of ten cents, he, the said " F. K., " being then and there in a state of intoxication, contrary," etc.

*Held,* that the indictment is sufficient.

From the Porter Circuit Court.

*W. Johnston* and *W. Pagin,* for appellants.

*T. W. Woollen,* Attorney General, and *J. W. Youche,* Prosecuting Attorney, for the State.

HOWK, J.—In this case, the indictment charged " that John Berry and Henry Ruge, on the 14th day of February, 1879, at and in the county of Porter and State aforesaid, did unlawfully sell to Frank Kyes one gill of intoxicating liquor, at and for the price of ten cents, he, the said Frank Kyes, being then and there in a state of intoxication, contrary to the form of the statute, etc.

The appellants moved the court to quash the indictment, which motion was overruled, and to this ruling they

excepted, and, on arraignment, each of them interposed a plea of not guilty, as charged in the indictment.

The cause was tried by the court, and a finding was made that the appellants were guilty as charged, and assessing their punishment at a fine of twenty-five dollars. Their motion for a new trial was overruled, and to this ruling they excepted, and the court then rendered judgment in accordance with its finding.

In this court, the appellants have assigned, as errors, the following decisions of the court below :

1. In overruling their motion to quash the indictment ; and,

2. In overruling their motion for a new trial.

1. It is insisted by the appellants' counsel, in their brief of this cause in this court, that the indictment was fatally defective, in this, that it did not charge that the appellants, at the time and place of the alleged unlawful sale, had notice or knowledge that Frank Kyes, to whom such sale was charged to have been made, was " then and there in a state of intoxication." In the indictment in this case, the appellants were charged with the commission of the misdemeanor which is defined and its punishment prescribed in section 15 of "An act to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors," etc., approved March 17th, 1875. This section 15 reads as follows :

" Sec. 15. Any person who shall sell, barter, or give away any spiritous, vinous or malt liquors to any person at the time in a state of intoxication, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than ten nor more than fifty dollars." 1 R. S. 1876, p. 872.

It appears from the indictment in this case, the substance of which is set out in this opinion, that the appellants were therein and thereby charged with the commis-

sion of the misdemeanor defined in said section 15, in almost the exact language of the statute. As a general rule, such a statement of the offence charged is sufficient, and we know of no reason why this case should be made an exception to the general rule. *Werneke* v. *The State*, 50 Ind. 23 ; *The State* v. *Snyder*, 66 Ind. 203.

2. In their motion for a new trial, the only causes therefor assigned by the appellants were, that the finding of the court was contrary to law, and that it was not sustained by sufficient evidence. We have read the evidence in this case, as it is set out in the record, and it seems to us, there is not the slightest room for doubt upon the question, as to whether it did or did not sustain the finding of the court. The evidence fully sustained the finding, and certainly it was not contrary to law.

The appellants' motion for a new trial of this cause was correctly overruled.

The judgment is affirmed, at the appellants' costs.