No. 8751.

BUELL v. THE STATE.

LIQUOR LAW.—*Intoxicating Liquor.*—*Information.*—*Pleading.*—In a prosecution by information for the sale of intoxicating liquor to one at the time intoxicated, it is not necessary to describe in such information the particular kind of intoxicating liquor sold.

SAME.—*Quantity.*—*Evidence.*—In such cases, it is necessary to prove that the quantity of liquor sold was less than a quart.

COURTS. — *Judicial Knowledge.* — *Signature of Officer.* — *Presumption.* — Courts take judicial knowledge of the signatures of their officers; and where the signature affixed to the jurat in an affidavit on which an information is based was "Rufus P. Wells, C. P. C. C.," the Supreme Court will presume that the court in which such information was filed knew such signature to be that of its clerk.

SAME.—Where the contrary does not appear, the presumption is in favor of the action of the trial court, that the person before whom an oath purported to have been taken in such affidavit had authority to administer oaths.

From the Porter Circuit Court.

*T. J. Merrifield* and *E. D. Crumpacker*, for appellant.

*D. P. Baldwin*, Attorney General, *J. W. Youche*, Prosecuting Attorney, and *W. W. Thornton*, for the State.

ELLIOTT, J.—The appellant was prosecuted and convicted upon an information charging him with a violation of the liquor law, by selling less than a quart of intoxicating liquor to a man who was at the time in a state of intoxication.

The appellant insists that the information is defective because it does not describe the kind of liquor which it

·charges him with having unlawfully sold. The charge is that the appellant did unlawfully sell a less quantity than a ·quart, to wit, one gill, of intoxicating liquor. The case of *The State* v. *Hannum*, 53 Ind. 335, is decisive of the present. It was there held that it was not necessary to describe the particular kind of intoxicating liquor sold. *Berry* v. *The State*, 67 Ind. 222 ; *The State* v. *Snyder*, 66 Ind. 203.

It is also insisted that the affidavit upon which the information is based is not sufficient, because it did not appear to have been sworn to before an officer authorized to administer ·oaths. The jurat is as follows :

"Subscribed and sworn to before me this 14th day of October, 1879.        RUFUS P. WELLS, C. P. C. C."

It is objected that it does not appear that Rufus P. Wells was the clerk of the Porter Circuit Court, and that the letters C. P. C. C., appended to his name, are without meaning. In *Brooster* v. *The State*, 15 Ind. 190, it was held, that, where the contrary did not appear, it would be presumed in favor of the action of the court below, that the person by whom the oath purported to have been administered did have authority to administer oaths. Courts take judicial knowledge of the signatures of their officers, and we may well presume that the Porter Circuit Court knew the ·signature of Rufus P. Wells to be that of its clerk.

Counsel earnestly contend that there is no evidence connecting appellant with the offence charged. We think otherwise. The evidence is, indeed, very conflicting, but, under settled rules, we would not be warranted in setting aside the verdict of the jury, who had far better opportunities of judging of the credibility of the witnesses than we have.

It is also insisted that there is no evidence showing any sale to Jeremiah Leahey. The evidence shows a sale to a ·person whom the witnesses call Jerry Leahey, and Jerry Leahey and Jeremiah Leahey are, we think, shown to be

two names for one and the same person, Jeremiah being the true name, and Jerry the familiar abbreviation.

There is no evidence showing the quantity of liquor sold. It is settled by many decisions, that in such cases as the present the State must show that the quantity of liquor sold was less than a quart. We could not, without violating familiar rules, now hold otherwise. *The State* v. *Zeitler*, 63 Ind. 441; *Rosenbaum* v. *The State*, 4 Ind. 599; *Cool* v. *The State*, 16 Ind. 355; *Haver* v. *The State*, 17 Ind. 455; *Walker* v. *The State*, 23 Ind. 61; *The State* v. *Mondy*, 24 Ind. 268; *Manvelle* v. *The State*, 58 Ind. 63; *Grupe* v. *The State*, 67 Ind. 327.

Judgment reversed.