No. 9028.

## HIPES v. THE STATE.

| 73 | 39 |
| 155 | 890 |
| 73 | 39 |
| 166 | 702 |

CRIMINAL LAW.—*Pleading.—Information.—Minor.—Billiards.*—In a prosecution for permitting a minor to play billiards, the allegation in the information, "which said billiard table he, the said M. H., then and there being the owner of, and then and there having the care, control and management of," is not a mere recital, but a sufficient averment of the defendant's ownership, and that he had the care and management of the table upon which the game was alleged to have been played.

SAME.—*Affidavit.—Jurat.—Clerk.—Presumption.—Signature.*—The signature, J. S. H., clerk, attesting the affidavit upon which such information is based, on appeal, will be presumed to be the clerk of the circuit court.

SAME.—*Judicial Knowledge.*—The circuit court *ex officio* takes notice of its officers and their signatures.

SAME.—*Instruction.*—A defendant, on the trial of such case, is entitled to have a specific instruction given to the jury, applying to the facts of the particular case as developed by the evidence.

SAME.—Where one who has the general management and control of a billiard table is present and allows a minor to play thereon, he is liable to a prosecution, although, at the time, he did not have personal control of such table; and an instruction asked by the defendant limiting his liability to a personal care, management and control thereof, was correctly refused.

From the Henry Circuit Court.

*M. E. Forkner*, *C. S. Hernley* and *H. Brown*, for appellant.

*D. P. Baldwin*, Attorney General, *C. M. Butler*, Prosecuting Attorney, and *W. W. Thornton*, for the State.

ELLIOTT, J.—Prosecution against appellant for permitting a minor to play a game of billiards upon a billiard table, of which appellant is alleged to have been the owner and manager.

It is argued by the appellant that the information is insufficient because it does not aver that the appellant was the owner, or had the care or management, of the table upon which the game was played. The allegation upon this point is as follows: "Which said billiard table he, the said Marshall Hipes, then and there being the owner of, and then and there having the care, control and management of." We think this is sufficient. The allegation is not, as counsel assert, a mere recital. It is a direct charge that the appellant was the owner of the table upon which the minor was allowed to play.

It is contended by appellant's counsel, that the affidavit upon which the information is based is insufficient because not attested by a seal. The jurat is as follows: "Subscribed and sworn to before me, this 22d day of January, 1880. John S. Hedges, clerk." We think that we are bound to presume that the affidavit was sworn to before the clerk of the Henry Circuit Court. The court *ex officio* takes notice of its officers and their signatures, and we must presume that the Henry Circuit Court did take notice that John S. Hedges was its clerk, and that the signature attesting the affidavit was his. *Brooster* v. *The State*, 15 Ind. 190; *Buell* v. *The State*, 72 Ind. 523.

Error is assigned upon the ruling denying the appellant's motion for a new trial, and this assignment and counsel's ar-

gument require us to examine the ruling of the court refusing instructions asked by appellant. The appellant asked the court to give the jury the following instruction: "If the billiard tables belonged to the defendant's wife, and he had hired one Listen Allspaugh, for his wife, to take charge of the tables, and he did so, and Hipes had no personal charge or care of the tables, you should find for the defendant, even though the defendant may have been present and [may have seen] the witness William Kinsey playing at the tables." The court refused to give the instruction as asked.

The court, however, on its own motion, gave the following instruction: "This is a criminal prosecution, and to entitle the State to a conviction of the defendant, his guilt must have been proved, as charged in the information, beyond a reasonable doubt. The material averments of the information are, that the defendant, Marshall Hipes, at the county of Henry and State of Indiana, at some time within the two years immediately preceding the commencement of this prosecution, was the owner of, or had the care, management or control of a billiard table, and then and there being such owner, or having such control, management or care, suffered William Kinsey to play a game of billiards on said table with one James Sisemore, and that the said William Kinsey was a minor, under the age of twenty-one years. If you have a reasonable doubt of any one of these material averments, you must acquit the defendant."

The State insists that the instruction given by the court embraces that asked by the appellant, and that there was, therefore, no error in refusing it, even if correct and relevant. This position is untenable. The appellant had a right to ask a more specific instruction than the general one given by the court. It was his right to have a specific instruction, applying to the facts of the particular case as developed by the evidence.

We are, therefore, required to determine whether the ap-

pellant had a right to have the instruction, asked by him, given to the jury. The instruction asked limits the liability of the appellant to a personal care or charge of the tables, for no other meaning can be justly assigned to the word *personal*, as used in the instruction. The appellant may have been liable, although he had not, *in person*, controlled or managed the table. If he had the general management, and control of the table upon which the game was played, he would still be liable, even though, at the time the game was played by the minor, he had employed some one else to personally manage and control it. It was not necessary for the State to prove that the appellant had personal charge or control of the table ; for, if he was the person to whom the owner had entrusted the care and management, it was his duty to have prevented minors from playing, and, if he was present and saw the minor play, he would be liable to a prosecution unless he exercised his general authority to prevent him from playing. One having the general care and management of a billiard table can not evade the law by showing that, at the time the game was played by the minor, he was present, but did not personally control or manage the table. Under the evidence, the instruction asked was rightly refused, because it limited the appellant's liability to a personal care, management and control ; whereas he was liable to prosecution if he had the general management and control, although another, at the time the game was played, had been given the immediate personal care and management.

Appellant also complains of the refusal to give the first instruction asked by him, but there was no error in this ruling, because the instruction given by the court fully covered that asked by the appellant.

The evidence fairly supports the verdict. It impresses us, as it doubtless did the jury, that the defence was an attempt to evade the law by proving appellant's wife to be the owner

of the table on which the game was played, and by showing that, at the time the game was played by the minor, the appellant had procured another to give immediate personal supervision and control. It fully and satisfactorily appears that the appellant did have a general control and management of the tables; for it is clear that his wife, the alleged owner, gave them no actual attention whatever, leaving all matters connected with them to the management of the appellant.

Judgment affirmed, at costs of appellant.