Mountjoy v. The State.

◆

No. 9857.

MOUNTJOY v. THE STATE.

CRIMINAL LAW.—*Larceny.*—*Affidavit.*—*Indictment.*—Where, upon the face of an affidavit or indictment, the property alleged to have been stolen appears to have been personal, the failure to aver that the property was personal affords no ground of objection to the affidavit or indictment.

SAME.—*Presumption.*—*Clerk.*—*Signature.*—Courts take judicial notice of the names and signatures of their officers, and where the word "clerk " is added to the signature attached to the jurat of an affidavit in a criminal prosecution in the circuit court, it will be presumed to be the signature of the clerk of that court.

SAME.—*Seal.*—*Jurat.*—The seal of a court need not be attached to the jurat of an affidavit sworn to before its clerk, and to be used only in such court.

PRACTICE.—*New Trial.—Record.*—Affidavits in support of a motion for a new trial do not become parts of the record by being merely copied into the record as a part of the motion for a new trial.

SAME.—*Judgment.—Supreme Court.*—As a rule, in criminal as well as in civil cases, a party present in court when a judgment is rendered against him, and failing to object thereto, can not complain of it in the Supreme Court.

From the Hamilton Circuit Court.

*W. Garver* and *R. Graham*, for appellant.

*D. P. Baldwin*, Attorney General, *W. W. Thornton* and *W. A. Kittinger*, Prosecuting Attorney, for the State.

NIBLACK, J.—This was a prosecution for petit larceny against James Mountjoy, the appellant, founded upon affidavit and information.

A motion to quash the affidavit and information being first overruled, a trial by a jury resulted in a verdict finding the appellant guilty as charged, and fixing his punishment at one year's imprisonment in the State's prison, a fine of one dollar, and disfranchisement for two years.

After overruling motions for a new trial, and in arrest of judgment, the court rendered judgment in accordance with the verdict, also adding that the appellant should be incapable of holding any office of trust or profit for the period of two years.

Error is assigned upon the overruling of the motion to quash the affidavit and information, upon the refusal of the court to grant a new trial, upon the denial of the motion in arrest of judgment, and upon the judgment rendered upon the verdict.

The affidavit charged the appellant with having stolen some gold coin, some paper money and some silver coin, of the aggregate value of $12.50, " the property of William A. Fisher and Judge Calbert," and the jurat was signed simply " J. R. Christian, Clerk."

The first objection urged to the affidavit is, that it did not aver the money stolen to have been the *personal* property of Fisher and Calbert. This objection can not be sustained.

Where, upon the face of the affidavit or indictment, the property alleged to have been stolen appears to have been personal, the failure to aver that the property was personal affords no ground of objection to the affidavit or indictment. *Jones* v. *The State*, 51 Miss. 718.

The next objection made to the affidavit is, that it did not show upon its face that it was sworn to before some officer authorized to administer oaths; that the addition of "clerk" to the name of J. R. Christian was too indefinite and uncertain as to his official character.

The courts take judicial notice of the names and signatures of their officers, and it will be presumed that J. R. Christian was the clerk of the court below, and that he signed the jurat as such clerk, as that court sustained the validity of the affidavit. *Hipes* v. *The State*, 73 Ind. 39; *Buell* v. *The State*, 72 Ind. 523; *Brooster* v. *The State*, 15 Ind. 190.

It is further objected to the affidavit, that the seal of the court below was not attached to the jurat, conceding the jurat to have been signed by the clerk of that court.

That objection is also not well made. The seal of a court need not be attached to the jurat of an affidavit sworn to before its clerk, and to be used only in such court.

The appellant insists that the information ought to have been quashed, because of certain alleged variances between it and the affidavit. These alleged variances impress us as having been quite immaterial, and as no argument has been submitted, or authorities cited, in support of the objections urged to the information, we need not enumerate or consider the objections thus urged.

One of the causes assigned for a new trial was, that the court permitted an attorney of that court, in the absence of the regular judge, and without an appointment as a judge *pro tempore,* in the cause, to receive the verdict of the jury, to send the jury back to their room to amend their verdict, and to again receive their verdict as amended.

Affidavits, in support of this cause for a new trial, are copied

into the record as a part of the motion for a new trial, but they are not copied into, or verified by, a bill of exceptions, or otherwise made a part of the record. These affidavits are not,. therefore, properly copied into the record, and form no part. of it. *Adams* v. *Stringer, post*, p. 175.

Another cause assigned for a new trial was, that the court erred in giving an instruction to the jury, but no specific objection to the instruction has been indicated. We must, therefore, regard the cause, thus assigned for a new trial, as not insisted upon here.

What we have said as to the sufficiency of the affidavit and. information, shows that the court did not err in denying the motion in arrest of judgment.

No objection was made, or exception reserved, to the judgment rendered upon the verdict. The general rule in a criminal as well as in a civil cause is, that, where a party is present in court when a judgment is rendered against him, he can not complain of the judgment in this court, unless he has in some way reserved an exception upon it. There is nothing in this case taking the judgment rendered against the appellant out of this general rule. Consequently, this appeal presents no question upon the judgment here.

The judgment is.affirmed, with costs.