Choen v. The State.

No. 10,229.

CHOEN v. THE STATE.

CRIMINAL LAW.—*Special Prosecuting Attorney.—Judicial Cognizance.*—An indictment signed by a "special prosecuting attorney" is not subject to a motion to quash, or to a plea in abatement which does not deny the due appointment of such special prosecuting attorney—the court taking judicial cognizance of its officers and of their signatures and official designations.

SAME.—*Duties of Special Prosecuting Attorney.*—When, upon failure of the prosecuting attorney to attend, the court appoints "some person to prosecute," the appointee may perform any duty of the office, including the signing of indictments.

SAME.—*Indictment. —Burglary.—Larceny.—Election of Counts.*—Upon an indictment of two counts, charging in one a burglary with intent to steal the goods of A., and in the other a larceny of the goods of B., the prosecuting attorney need not elect between counts, if his intention is to investigate one transaction only.

SAME.— *Word " Personal," When Unnecessary.*—An indictment for burglary with intent to steal "goods and chattels" is not bad for the want of the word *personal* before "goods and chattels."

SAME.—*Ownership of Goods.*—An indictment charging the larceny of specified articles, "of the value," etc., "*and the property of* A.," shows that the articles named are the property of A.

SAME.—*Practice.—Evidence.*—When. the evidence shows indisputably that the conviction was had under the second count of an indictment, rulings in reference to the first count are immaterial.

PRACTICE.—*Argument of Counsel.—Bill of Exceptions.—Motion for New Trial.*—In order to save an exception to the action of the court in reference to the argument of counsel, the facts must be stated in the bill of exceptions; it is not enough that they be stated in the motion for a new trial, or in affidavits in support of that motion.

SAME.—Occurrences in the presence of the court must be stated in the bill of exceptions; but, in cases of doubt, the judge may receive affidavits or other proof to enable him to settle the bill.

SAME.—Improper speech by counsel would seem to be "misconduct of the prevailing party," and can not be made available as an irregularity of the court unless by an exception to the court's refusal to take proper action moved for at the time of the misconduct.

From the Cass Circuit Court.

*M. Winfield* and *Q. A. Myers,* for appellant.

*D. P. Baldwin,* Attorney General, for the State.

WOODS, J.—By plea in abatement, and by motion to quash, the appellant has raised the question whether the indictment is defective, because not signed by the prosecuting attorney, but by one who signed as "special prosecuting attorney," the record not showing affirmatively the appointment of a special prosecuting attorney.

The law provides for the appointment by the judge of the court of "some person to prosecute," if the prosecuting attorney fails to attend, and the person so appointed may well be designated as a special prosecuting attorney. R. S. 1881, section 5865. And, by the use of the word *prosecute*, the duties of such special prosecuting attorney are not, as we think, confined to the prosecution of cases under indictments already found, but, in the absence of the regular prosecuting attorney, he may perform any duty of the office, including the signing of indictments.

The record shows that the indictment in question, signed as stated, was returned into court and filed. The statute, R. S. 1881, section 1670, requires that upon the return of an indictment the judge must examine it, and see that it is properly signed by the foreman of the jury and by the prosecuting attorney. A court takes cognizance of its own officers and of the genuineness of their official signatures and designations. *Hipes* v. *State*, 73 Ind. 39; *Mountjoy* v. *State*, 78 Ind. 172.

The court below, therefore, in passing upon the motion to quash, determined for itself whether the signature to the indictment was that of its proper officer, and, we must presume, determined properly. The plea in abatement does not deny that the special prosecuting attorney had been duly appointed; and, upon the motion to quash, we perceive no more reason why the appellant should be permitted to question the appointment, than to dispute the election and qualification of the regular prosecuting attorney, in respect to indictments signed by him in his official name. There is no error in this respect.

The first count of the indictment charges the burglarious

entry of the appellant into the barn of John Cotterman, with intent feloniously to steal and carry away " the goods and chattels " of the said John Cotterman, then and there being, etc. The second count charges simply the larceny of " six sacks, each containing two bushels of clover seed," etc., "all of the aggregate value of fifty-four dollars, and the personal property, goods and chattels of one Harmon Cotterman."

The appellant moved to quash each count, and now insists that the first is bad because of the omission of the word *personal* before "goods and chattels"; and the second, because the ownership of the property alleged to have been stolen is not shown; it being claimed that the phrase "and the personal property," etc., of Harmon Cotterman, is not descriptive of the sacks of clover seed, but an insufficient designation of other property.

We think neither objection tenable. The phrase referred to in the second count is as clearly descriptive of the sacks of clover seed as if it read, " and being the personal property," etc. That the word *personal* is not necessary in the first count, see Moore's Crim. Law, pp. 695–6, and cases cited. " Goods and chattels " mean personal goods.

The appellant claims error in the refusal of the court to require of the prosecution an election between the counts of the indictment. If the purpose of the State was to investigate, under the two counts, only a single transaction, there was no error in the ruling. The contrary not being shown, the presumption is that such was the purpose. Indeed, it is not claimed in the brief of appellant that any effort was made to introduce evidence of more than one transaction. On the contrary, it is claimed that no evidence whatever was adduced in support of the first count; and it follows that the defendant was not harmed in this respect, or by any ruling in reference to the first count. It is not denied that there is sufficient evidence to sustain the verdict upon the second count.

Another cause alleged in the motion for a new trial is: " Irregularity in the proceedings of the court * * in permitting

Choen *v.* The State.

D. D. Dykeman, Esq., assisting the prosecution of the cause, over defendant's objection, to comment to the jury upon matters not in evidence, * * as set forth in the affidavits of Q. A. Myers hereto attached, marked 'A,' and made a part of this cause for a new trial."

This is not available. There is nothing in the record, except a statement contained in the affidavit referred to, to show what was said by the attorney named, or that any objection was made to it, and there is no indication whatever that any exception was taken to the alleged irregularity. It is certainly settled that no question can be made in this court upon any action of the trial court, unless an exception was duly taken and saved to such action. It is equally certain that the motion for a new trial, though itself a part of the record, does not constitute evidence of the truth of the alleged causes for the motion, and this is so, even though the motion be sworn to or accompanied by affidavits in support of it. Such affidavits can be made available only when put into a bill of exceptions, or when made a part of the record by a special order of the court to that effect. That an objection was made to anything, and an exception taken to the ruling of the court thereon, can not be shown by affidavit at all. The matters involved in an exception necessarily occur in the presence of the court, or are brought to its attention, by affidavit or otherwise, before the ruling excepted to is made, and it is by recital, over the signature of the judge, in a bill of exceptions, that the facts must be notified to this court. So, too, the argument of counsel to the jury occurs in the hearing of the court, and, if exception is to be preserved in reference to any thing said, the objectionable speech should, in like manner, be stated in the bill of exceptions. If in any case the judge is in doubt as to what was said, he may receive affidavits or hear the testimony of witnesses in order to enable him to settle the bill; but the affidavits or the testimony, so considered, can, ordinarily, cut no figure in the hearing in this court, and need not be brought into the transcript.

The propriety of this rule is well illustrated by this record, which contains affidavits and counter affidavits in reference to the speech in question, but no finding or statement of the court certifying to this court what was actually said.

It may be suggested, whether or not an improper speech of counsel ought not to be assigned in the motion for a new trial, as "misconduct of the prevailing party," rather than as an "irregularity of the court." There can certainly be no such irregularity unless the court is called upon in the proper way to take some appropriate action, and refuses or fails to do it, and an exception is duly saved. See *Morrison* v. *State,* 76 Ind. 335.

It is next claimed that the court erred in overruling the challenge for cause of certain jurors, who, it was shown, had served as jurors within the year last past.

There was, however, no error in this.

By the 220th section of the criminal code of 1881, R. S. 1881, section 1793, it is enacted, that " The following, and no other, shall be good causes for challenge to any person called as a juror in any criminal trial ; " and in the enumeration of causes which follows, no mention is made of former service on a jury.

We find no error in the record.

Judgment affirmed.

Opinion filed at the May term, 1882.

Petition for a rehearing overruled at the November term, 1882.