No. 10,906.

## POINTER v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Pleas in Abatement.*—Defects and irregularities not apparent on the face of the indictment must be pleaded in abatement.

SAME.—*Pleas in Abatement and Bar.*— *Waiver.*—Pleas in abatement must be pleaded and disposed of before a plea in bar is interposed; by pleading in bar all matters of abatement are waived.

SAME.—*Grand Jury.*—*New Trial.*—Irregularity in the proceedings before the grand jury which found the indictment is not cause for a new trial; so, also, the fact that the defendant had no opportunity to challenge grand jurors. The former might be pleaded in abatement, but the latter could not.

From the Perry Circuit Court.

*C. H. Mason,* for appellant.

*F. T. Hord,* Attorney General, and *S. B. Hatfield,* Prosecuting Attorney, for the State.

NIBLACK, C. J.—This was a prosecution against the appel-

lant, Henry Pointer, upon an indictment for grand larceny, charging him with having stolen $18 in money, the property of one Harry Clark.

Plea of not guilty; verdict finding the defendant guilty as charged, and fixing his punishment, in addition to a fine and disfranchisement, at imprisonment in the State's prison for the term of one year. Motion for a new trial denied, and judgment on the verdict.

The defendant assigned as causes for a new trial:

*First.* Irregularity in the proceedings in this, that the grand jury which found the indictment, in violation of law and in disregard of the rights of the appellant, had him brought before it, and caused and coerced him to be sworn and examined as a witness against himself, the examination having been conducted by the prosecuting witness, a person not occupying any official position, and in an unusually abrupt and intimidating manner, thus procuring the indictment to be found and returned by irregular and unlawful means, and without sufficient evidence obtained in a lawful way.

*Second.* That the appellant, when the grand jury was empanelled and sworn, was confined in the county jail, without counsel, and had no opportunity of challenging any member of such jury as, under the law, he had a right to do.

*Third.* Permitting the prosecuting witness to testify as to the conduct and admissions of the appellant when before the grand jury, at the time and under the circumstances above stated.

*Fourth.* That the verdict was not sustained by sufficient evidence.

*Fifth.* That the verdict was contrary to law.

The first and second causes so assigned were supported by the affidavit of the appellant. Error is only assigned upon the overruling of the motion for a new trial.

All defects and irregularities pertaining to the indictment, and not apparent upon the face of it, but involved in the proceedings, and yet not affecting the substantial merits of the

charge, must be pleaded in abatement. Pleas in abatement must be pleaded and disposed of before a plea in bar is interposed. Bicknell Crim. Prac. 113; Moore Crim. Law, section 270; Reinhard Crim. Law, 362.

Where a person under indictment has had no opportunity of challenging the grand jury, he may plead in abatement any matter which would have been sufficient cause of challenge to that tribunal or any member of it. *Mershon* v. *State,* 51 Ind. 14; *Meiers* v. *State,* 56 Ind. 336; *Sater* v. *State,* 56 Ind. 378; *Miller* v. *State,* 69 Ind. 284.

The questions attempted to be presented by the first and second causes for a new trial could, therefore, only have been raised by pleading them in abatement, and by pleading in bar all matters in abatement were waived. Moore, *supra,* section 270. It is, nevertheless, no ground for a plea in abatement, that the indictment was found without evidence, or without sufficient evidence, or that no vote was taken by the grand jury on the indictment. *Stewart* v. *State,* 24 Ind. 142; *Creek* v. *State,* 24 Ind. 151.

The bill of exceptions fails to sustain the third cause assigned for a new trial; on the contrary, it is made to appear by that instrument, that the prosecuting witness was not permitted to repeat what the appellant testified to before the grand jury, or to make any statement as to what occurred in the grand jury room which could have been construed as injurious to the appellant.

All the evidence relied upon to connect the appellant with the larceny was circumstantial merely, but, unfortunately for the appellant, all the evidence so relied upon apparently tended in but one direction, and that was to a conclusion inconsistent with his innocence.

It can not, consequently, be held that there was not sufficient evidence to sustain the verdict, or that the verdict was contrary to law.

The judgment is affirmed, with costs.