Filed Jan. 2, 1885.

---

No. 10,562.

## HAMMANN v. MINK.

PARTITION.—*Quieting Title.— New Trial as of Right.*—In an action for partition, where the defendant files a cross complaint to quiet his title to the whole land, and judgment is rendered against him, he is entitled to a new trial as a matter of right under the statute.

SAME.—*Payment of Costs to Clerk in Silver.—Judicial Knowledge.*—In such case the payment of costs may be made in silver, and where they are thus paid to a person who is clerk of the court, the party seeking the new trial need not prove that such person was the clerk, as the court takes judicial notice of its own officers.

SAME.—The clerk of the court has authority to receive costs, and a payment to him is sufficient.

SAME.—*Title by Guardian's Sale.—Order of Court.*—In such case, where the defendant claims the interest of the plaintiff under a guardian's sale, and the fact is found that such sale was made under the order of the court, was reported to and confirmed by the court, such confirmation, though irregularities intervened, renders the sale valid.

SAME.—*Guardian's Deed.—Confirmation.*—A deed made by the guardian to the purchaser before the sale is confirmed is invalid, and does not convey the title, but where such deed is afterwards reported to and approved by the court at the confirmation of the sale, the same is then effectual to convey the title.

SAME.—*Form of Deed.*—The mere omission to insert in such deed the page

| | |
|---|---|
| 99 | 279 |
| 127 | 499 |
| 99 | 279 |
| 129 | 230 |
| 99 | 279 |
| 131 | 295 |
| 99 | 279 |
| 134 | 74 |
| 134 | 460 |
| 99 | 279 |
| 148 | 576 |
| 99 | 279 |
| 161 | 568 |

Hammann *v.* Mink.

of the order book where the order of such sale is entered, does not in-
validate such deed.

SAME.—*Judicial Sale.—Liens.—Former Adjudication.—Special Findings.—
Conclusions of Law.*—Where the facts also found show that the defendant
purchased the property for value, and without notice, under a judicial
decree upon a lien thereon adjudged to be superior to the plaintiff's
lien, such facts entitle him to judgment. The mere fact that some of
the special findings are also blended with the conclusions of law stated,
does not impair such findings of fact.

SAME.—*Name.— Variance Between Report of Sale and Deed and Record.—Evi-
dence.*—Where the name of the purchaser in the report of sale and in the
deed differs from the name in the final record, the report of sale may be
read in evidence for the purpose of showing to whom the sale was made.

SAME.—*Identification of Report.*—Such report may be read without proof of
its identification by an entry in the order book, as such report, found
among the papers in the cause, is *prima facie* admissible.

From the Wayne Circuit Court.

*W. D. Foulke* and *J. L. Rupe*, for appellant. ·

*W. A. Bickle*, for appellee.

BEST, C.—The appellant, an infant, by her next friend,
brought this action for the partition of certain real estate, im-
proved and used as a brewery, situated in Wayne county, in
this State, alleging in her complaint that she owned an undi-
vided one-sixth and the appellee the residue, as tenants in
common.

The appellee filed an answer of two paragraphs. The first
was the general denial, and the second alleged, at great length,
that Christian Hammann died intestate, seized of the land in
question, leaving his widow, Caroline Hammann, and the ap-
pellant as his only heirs at law, and that the latter has no
claim to the land other than such as she acquired by inheri-
tance from her father; that shortly after his death the widow
was appointed the guardian of the daughter, and thereafter
obtained an order from the proper court to sell the daughter's
interest in said land; that in pursuance of such order she
thereafter sold such interest in said land to Henry Winterling
and Frederick Paulus for $2,606.66, which was more than its
appraised value; that thereafter said sale was reported to and

confirmed by the proper court, and a deed made, approved and delivered to said purchasers; that thereafter the appellee acquired by purchase through said purchasers the title thus conveyed to them, and that he is the owner in fee of the same.

The appellee also filed a cross complaint, in which he averred, in addition to the facts alleged in the answer, that the guardian's deed, through which he claims title, omits to state the page of the order-book upon which the order of sale is entered; that the clerk, in making the final record, by mistake, inserted the name of " Henry Martischang," instead of "Henry Winterling," as purchaser, and that the appellee purchased said land in good faith and without any notice of any irregularities in such sale. Prayer that the proper deed may be executed, and that his title be quieted, etc.

An answer in denial of the cross complaint, and a reply in denial of the answer completed the issues. These were submitted to the court, and a finding was made for the appellant. A motion for a new trial as of right was granted the appellee, and a motion by the appellant to strike out such order was overruled. The issues were again submitted to the court, with a request that the court find the facts specifically, and state its conclusions of law. This was done. The appellant excepted to the conclusions of law, moved for a *venire de novo* and for a new trial, all of which were overruled, and final judgment was rendered for the appellee. These various rulings have been assigned as error.

The application for a new trial as a matter of right was in writing, verified before " James W. Moore, clerk," and in support of it William A. Bickle testified that he paid the costs, $15.50, in silver, at the time the application was made.

The appellant insists that the court erred in granting such trial, because it was not shown that James W. Moore was the clerk of the Wayne Circuit Court. This was unnecessary. The court knows its own officers, and it is unnecessary to prove that of which it takes judicial notice. *Brooster* v. *State*, 15 Ind. 190; *Hipes* v. *State*, 73 Ind. 39.

It is also insisted that the clerk had no authority to receive such costs, and in support of this position the case of *Scott* v. *State, ex rel.*, 46 Ind. 203, and several other cases previously decided, are cited.

These cases probably induced the enactment of the act of March 9th, 1875, the first section of which provides "That the clerks of the several courts throughout this State shall be, and they are hereby authorized to receive money in payment of all judgments, dues and demands of record in their respective offices, and all such funds as may be ordered to be paid into the respective courts of which they are clerks, by the judge thereof, and said clerks, with their sureties, shall be liable on their official bonds for all moneys so received," etc.   2 R. S. 1876, p. 17.

This statute is broad enough to embrace costs, and we think it clearly authorized the clerk to receive them. A payment to him, therefore, was a sufficient compliance with the law in this respect.

It is also insisted that the payment in silver was unauthorized, and hence the appellee was not entitled to a new trial. The record does not show that more than $5.00 of this sum was due any person, and as such sum may be lawfully paid in the silver coins of the United States, we will not presume that more than such sum was due any one.   If not more than $5.00 was due any person, the payment of the whole was properly made in silver.   In addition to this, if the clerk accepted the money, and was prepared to pay the parties entitled to the costs in legal money, the payment was sufficient.   *Jessup* v. *Carey*, 61 Ind. 584; *Boyd* v. *Olvey*, 82 Ind. 294.   The payment, therefore, does not appear to have been improperly made.

It is also insisted that the court possessed no power to grant a new trial as of right in a partition suit.   This, by no means, follows.   The power to grant such trial does not depend upon the name, but upon the nature, of the action.   The cross complaint constituted an action to quiet title to real es-

tate, and in such actions either party is entitled to a new trial as a matter of right. The fact that such action is introduced by cross complaint· in no manner impairs such right, as has several times been decided by this court. *Adams* v. *Wilson*, 60 Ind. 560; *Miller* v. *Evansville Nat'l Bank, ante*, p. 272. The court did not, as we think, err in granting such new trial.

It is next insisted that the court erred in its conclusions of law upon the facts found. The facts are, in substance, these:

*First.* That Christian Hammann died intestate on the 18th day of September, 1867, seized of the undivided one-third of the premises in dispute, leaving his widow Caroline Hammann, and the appellant, his daughter, as his only heirs at law, and that the widow was thereafter, by the court of common pleas of Wayne county, where said real estate is situate, appointed the guardian of said daughter.

*Second.* That said guardian, on the 30th day of May, 1868, filed her application in said court for an order to sell the interest of her ward in said realty, and after the same was appraised at $1,912.50, the same was ordered sold upon the usual terms, viz., one-third of the purchase-money in hand, one-third in twelve and the residue in eighteen months.

*Third.* That in pursuance of said order said guardian sold said realty, including the interest of said guardian therein, to Henry Winterling and Frederick Paulus, for about $4,533.32, and on the first day of October, 1868, she made them a deed for her ward's interest, the consideration of which was named at $2,266.66; that at the same time they paid her in cash $1,000, and made her two notes, one of $2,606.66, payable to her individually, and the other for $293.33, payable to her as guardian, both of which were secured by mortgage upon the premises, and the evidence fails to show how the residue of the purchase-money was paid or secured; that said deed is in due form, except that it does not contain a reference to the page of the order book where the order is entered; that a re-

port of said sale was made showing that said realty was sold to Henry Winterling and Frederick Paulus on the 30th day of December, 1867, for $2,206.66, and upon the final record the name of " Henry Winterling" by mistake was entered as " Henry Martischang."

*Fourth.* That at the January term, 1869, of said court, said sale was confirmed and said deed approved.

*Fifth.* That on the 13th day of October, 1868, after said deed had been delivered, but before its approval, said Winterling and Paulus executed a mortgage upon said premises to one David Hoerner to secure a note of $4,000, due from them to him ; that at the April term, 1873, of the Wayne Circuit Court, said Hoerner brought an action to foreclose said mortgage against said Winterling and Paulus, and against said Caroline Hammann, who, by cross complaint, set up the mortgage so made to her by said Winterling and Paulus as a prior lien, and demanded its foreclosure ; that issue was taken upon the cross complaint, the matter referred to a referee, a finding made against said Caroline and in favor of said Hoerner, and judgment rendered accordingly, ordering said property to be sold upon said decree; that an order of sale was issued thereon and said property duly sold by the sheriff of said county for $3,000 to the appellee, who paid the purchase-money in good faith, and without any knowledge of any prior equity took the sheriff's deed, under which he has ever since held and now holds possession.

*Sixth.* That after said sheriff's sale, to wit, at the November term, 1873, of the Wayne Circuit Court, said Caroline, as such guardian, brought an action in said court against said Winterling and Paulus, and against the appellee, to foreclose said mortgage so given to her by said Winterling and Paulus, and upon an issue formed thereon the court found against said Caroline, and in favor of the defendants.

*Seventh.* " While it is found that the sale was made by the said guardian, under the order of the court of common pleas, to Winterling and Paulus, the evidence is not sufficient to en-

able the court to find free from doubt as to whether the sale was made on the 30th of December, 1867, * * or on the 1st of October, 1868, but the convictions arising," etc., "make out a preponderance of evidence to this effect, that after the said Caroline had been appointed guardian, in 1867, she contracted with said Winterling and Paulus to sell her own and her ward's interest in the real estate and brewery, on the 30th day of December, 1867, for about $4,500; that in October, 1868, and after she had obtained an order of sale, * * * she consummated the contract so made before, received $1,000 of the purchase-money, took a mortgage to secure the balance named in the notes and mortgage, and what she so did the court subsequently ratified."

The court, upon these facts, concluded that the appellant's title was divested by the sale, and that the appellee was entitled to an order quieting his title.

The first question is, did the appellant's guardian sell her land in pursuance of the order of the court? We think this fact is found in the seventh finding. The following clause, "While it is found that the sale was made by said guardian under the order of the court of common pleas," is equivalent to a direct, affirmative finding of the fact that the sale was made pursuant to the order of the court, and that it is not affected by the explanation and suggestion of doubts. The court finds the fact, but says, in substance, that the evidence was not such as to enable it to reach its conclusion free from doubt, but that it is sustained by the preponderance of the evidence. The word "while," as used in the above finding, means simply "at the same time that." It might be omitted without changing in any way the meaning of the clause.

The sale thus found to have been made under the order of the court is found to have been reported to and approved and confirmed by the court at its following January term. The approval and confirmation of the sale by the court made the sale upon the facts found valid and final.

It is found by the court that the guardian, at the time of

making the sale, conveyed the land to the purchasers. The conveyance was made before the sale was reported to or confirmed by the court. It was made without authority, and was, therefore, inoperative. It did not vest in the purchasers the title. *Maxwell* v. *Campbell*, 45 Ind. 360. But after the deed had been made, and after the sale had been reported and confirmed, and the guardian ordered to make a deed, the deed previously made was reported to and approved by the court. This, we think, rendered the deed, if otherwise sufficient, operative and effective to pass the title to the purchasers at and from the time of its approval. After the guardian was, by the confirmation of the sale and the direction of the court, authorized to make the deed, we can see no reason why she might not adopt the deed previously made. The report of the deed to the court, and its approval by the court, though previously executed without authority, would make it her deed, from the time it was so reported and approved, as effectually as if it had then been prepared and executed.

It was doubted, in the case above cited, whether the subsequent approval of a guardian's deed, made before the sale had been confirmed, would make the deed valid. But the guardian in that case was dead at the time the deed was approved, and it is obvious that the doubt expressed by the court rested upon that fact. Here the guardian was alive, brought the deed into court and asked that it be approved.

But the page of the order book of the court containing the order of sale was not inserted in the deed as required by the statute of 1863, 2 R. S. 1876, p. 531, and this omission, the appellant contends, renders it void. The court finds that the deed is in due form " except that it does not contain a reference to the page in the order book N. of the court where the order of sale is entered." If, in all other respects, except the insertion of the page of the order book, the deed is in conformity with the statute, does such omission render it void ? The deed, when executed, would belong to the grantees, not to the appellant. The insertion in it of the page of

the order book containing the order of sale could be of no benefit to the appellant. There is nothing in the statute which indicates that the insertion in a deed of the page of the order book is required and intended for the protection and benefit of the ward or heir. It can only protect and serve the convenience of the grantee. The order book is referred to in the deed as order book N. Nothing is omitted but the page on which the order of sale is entered. We think this omission should not be held to render the deed void.

In the case of *Atkins* v. *Kinnan*, 20 Wend. 241, relied upon by appellant, in passing upon an executor's deed, made under a statute requiring such conveyance to set forth the order of sale at large, COWEN, J., says:

" If we could feel ourselves warranted in the belief that no benefit whatever was intended by the recital to any except the grantee and those claiming under him, I, for one, should then have no difficulty in saying, that it is not for the plaintiffs to raise the objection.

" But the matter has not been thus regarded by the Legislature. It is true, as was said on the argument, that there is no express adjudication in this court, declaring the want of such a recital fatal to the conveyance. The farthest we have gone is in *Rea* v. *M'Eachron*, 13 Wend. 465, which avoids it for actual want of the surrogate's order of confirmation. A late statute has, however, gone farther. (2 R. S. 2d ed., 48, § 61 to 65 inclusive.) "

The sections of the statute referred to provide that when the conveyance omits to set forth the order at large, the chancellor shall make such order as to the deed as he may deem equitable, on its appearing to him that the sale was fair and made in good faith. The court held in accordance with the statute, that the deed was inoperative until confirmed by the chancellor. The case, we think, supports the conclusion we have reached. In this case the grantor describes himself as guardian, and that by the order of the court of common pleas of Wayne county, entered in order-book N, at page —,

she, as such guardian, conveyed, etc. This recital shows suffi-ciently the authority under which the guardian was acting, and is quite as full as required by the common law. *Watson* v. *Watson,* 10 Conn. 77.

It is said that the sale was not in conformity with the or-der of sale. But the confirmation of the sale, however erro-neous, was not void. It must be held good until set aside. *Maxwell* v. *Campbell, supra; Spaulding* v. *Baldwin,* 31 Ind. 376. Any departure from the order of sale shown by the record must be held to be cured by its confirmation.

We conclude that, upon the facts found by the court, the sale made by the guardian was not void; that the deed was, by its acknowledgment in and approval by the court, opera-tive to convey the title of the appellant to the purchasers at her guardian's sale, and that, therefore, she was not entitled to judgment upon the findings.

The appellant also contends that the court below erred in overruling her motion for a *venire de novo.* This motion is based on the assumption that the facts found are vague and uncertain. It is also insisted that the mere evidence of facts is found and not the facts themselves. We think otherwise. The facts found show that the appellant's title was divested by the guardian's sale, and that the appellee's purchase was made under such circumstances as entitle him to protection. This was sufficient not only to enable him to defeat the ac-tion for partition, but to entitle him to an order quieting his title. The fact that the appellee purchased said property in good faith and for value, at a judicial sale under a lien ad-judged superior to any lien of the appellant, is enough to show that she has no claim that she can assert as against him, and such finding is tantamount to a finding that she has no claim.

It is also urged that some of the facts found are blended with the conclusions of law, and for that reason the findings are improperly stated. All of the above recited facts are stated in the findings, and the mere fact that some of them may be recited in the conclusions of law will not affect the

finding of facts; nor will it affect the conclusions of law, as such recital will be disregarded.

The motion for a new trial is urged upon the ground that the evidence does not support the finding. We have examined it carefully, and think the finding fully supported by it.

It is also insisted that the court erred in permitting the deed made to Winterling and Paulus to be read in evidence while the final record, showing that the sale was made to "Martischang and Paulus," remained unamended. It is said that the final record is the best evidence, and that it can not be contradicted by the report of the sale. We think there was no error in this ruling. The portion of the final record in this case, in which the name of "Martischang" occurred, purported to be a copy of the report of sale, and in connection with it the original report was properly read in order to determine to whom the sale was made.

It is also insisted that the original report was not admissible, because not identified by an entry upon the order-book of the court. This was unnecessary. It was on file among the papers, and as it purported to be the original report it was *prima facie* admissible.

A number of other questions are also discussed under the motion for a new trial, but as what we have already said decides them adversely to appellant, we will not again notice them.

We have now noticed all the questions in the record, and as there is no error in it the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed Oct. 30, 1884. Petition for a rehearing overruled March 12, 1885.