## BLOCH *v.* CRUMPACKER ET AL.

[No. 6,452.   Filed June 23, 1909.]

1. ATTACHMENT AND GARNISHMENT.— *Affidavits.*— *Jurisdiction.*— *Objections.—Evidence.*—Where a complaint in attachment and garnishment purported to be sworn to before Harold H. Wheeler, the defendant answering thereto without questioning the court's jurisdiction, a judgment for the plaintiffs will not be disturbed because the complaint was not sworn to, where said Wheeler was clerk of the court trying the cause, since the presumption is that the trial court took judicial notice that he was authorized to administer oaths.  p. 172.
2. APPEAL.—*Briefs.—Waiver.*—A failure to discuss alleged errors constitutes a waiver thereof.  p. 172.
3. NEW TRIAL.—*Decision "Contrary to the Evidence."*—That the decision is "contrary to the evidence," constitutes no ground for a new trial.  p. 172.
4. APPEAL.—*Weighing Evidence.*—The Appellate Court cannot weigh conflicting evidence.  p. 172.

From Lake Superior Court; *Harry B. Tuthill,* Judge.

Action by Peter Crumpacker and another against Abe Bloch.  From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*Thomas J. Wood,* for appellant.

*Peter Crumpacker* and *Daniel J. Moran, pro se.*

HADLEY, C. J.—This action was instituted in the Lake Superior Court, by the filing of a complaint and an affidavit in attachment and garnishment.  Appellant appeared and filed a general denial to both the complaint and the affidavit.  The cause was tried, and judgment rendered in favor of appellees.  Appellant filed a motion for a new trial, which was overruled.  This ruling of the court is the only one properly assigned as error, and the only proper specification in the motion for a new trial is "that the decision of the court is contrary to law."

Appellant seeks to raise the question that the court had no jurisdiction of the cause, for the reason that the affidavit in

garnishment was not sworn to, but the record shows 1. it was sworn to before Harold H. Wheeler, who, the record in the case shows, was at that time clerk of the Lake Superior Court. To this appellant answered without objection. It will be presumed that the court took judicial knowledge that the Harold H. Wheeler who attested the affidavit, and the Harold H. Wheeler clerk of the court, were one and the same persons. *State* v. *Osborn* (1900), 155 Ind. 385; *Broosler* v. *State* (1860), 15 Ind. 190; *Buell* v. *State* (1880), 72 Ind. 523; *Hipes* v. *State* (1880), 73 Ind. 39; *Mountjoy* v. *State* (1881), 78 Ind. 172.

No reasons are presented to support the proposition that the decision is contrary to law. It is therefore waived. Appellant had specified in his motion for a new trial, 2. "that the decision of the court is contrary to the evidence." This is not a ground for a new trial, and 3. presents no question. *State, ex rel.,* v. *Richeson* (1905), 36 Ind. App. 373, and cases cited.

Under this proposition appellant has sought to argue the weight of the evidence—a question which, if properly 4. erly assigned and presented, we could not consider in this case.

Judgment affirmed.