### STAPERT v. STATE OF INDIANA.

[No. 24,395. Filed April 22, 1924. Rehearing denied November 12, 1924.]

1. CRIMINAL LAW.—*Assignments of Error.—Sufficiency of Indictment.*—The sufficiency of the facts in the indictment to constitute a public offense cannot be challenged by an independent assignment of error. p. 340.

2. CRIMINAL LAW.—*Motion in Arrest of Judgment after Judgment Rendered.*—A motion in arrest of judgment not made until after judgment had been rendered, presents no question for review. p. 340.

3. INTOXICATING LIQUORS.—*Affidavit.*—*Charged in Words of Statute Sufficient.*—An affidavit charging the manufacture of liquor, possession with intent to sell, and possession of a still in the words of the statute Acts 1921, ch. 250, §1, p. 736, is sufficient. p. 340.

4. INDICTMENT.—*Negativing Exception in Another Section not Necessary.*—It is not necessary to show by negative averments in an indictment that the defendant is not within an exception contained in some other section. p. 341.

5. CRIMINAL LAW.—*Arrest of Judgment.*—*Evidence before the Grand Jury.*—The question whether or not the grand jury heard incompetent evidence cannot be raised by a motion in arrest, under §2159 Burns 1914, §283, ch. 169, Acts 1905 p. 646. p. 341.

6. SEARCHES AND SEIZURES.—*Affidavit.*—*Necessity of Seal of Justice of the Peace.*—An affidavit for search warrant certified to by the justice of the peace before whom it was made and who issued the warrant, is sufficient even though it does not bear his seal, under 2 R. S. 1852 p. 502; §1924 Burns 1914, §1620 R. S. 1881. p. 342.

7. SEALS.—*Justice of the Peace.*—*Validity of Jurat.*—Section 1708 Burns 1914, §1, ch. 72, Acts 1905 p. 122, which makes instruments of writing pertaining to the official duty of a justice of the peace, when attested by his seal and signature, presumptive evidence of his official character in all Indiana courts, does not make his seal essential to the validity of a jurat certified by him. p. 342.

8. CRIMINAL LAW.—*Appeal.*—*Briefs.*—Where defendant's brief failed to set out the search warrant, at length or substantially, his objection to the sufficiency of its description of the premises is ineffective. p. 343.

From Marion Criminal Court (54,172); *James A. Collins,* Judge.

Joe Stapert was convicted of a violation of the prohibition law and he appeals. *Affirmed.*

*Clyde P. Miller,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant was tried on an indictment in two counts, returned by the grand jury of

Marion county, Indiana. The first count charged that on December 29, 1922, he and three other men, at said county and state, "did then and there unlawfully manufacture intoxicating liquor," and "did then and there unlawfully keep and have in their possession intoxicating liquor with intent then and there to sell, barter, give away, furnish and otherwise dispose of the same to persons to the grand jury unknown, within this state." The second count charged that on the same date, at said county and state, the defendants "did then and there have and possess a certain still, device and property for the manufacture of intoxicating liquor intended for use in violation of the laws of this state." There was no motion to quash the indictment, but each defendant waived arraignment and entered a plea of not guilty. After hearing the evidence the trial court found appellant "guilty as charged," and rendered judgment that he be fined $200, and imprisoned ninety days. A week later appellant filed his motion for a new trial, which was overruled, and he then filed a motion in arrest of judgment, which stated the statutory causes for which a judgment may be arrested (§2159 Burns 1914, §283, Acts 1905 p. 584), and also alleged that the indictment was based only on incompetent evidence heard by the grand jury. Overruling the motion for a new trial and overruling the motion in arrest of judgment are the only errors properly assigned. The sufficiency of the facts stated in the indictment to constitute

1-3. a public offense cannot be challenged by an independent assignment of error. *Robinson* v. *State* (1916), 184 Ind. 208, 210, 110 N. E. 980. A motion in arrest of judgment, not made until after judgment had been rendered, presented no question. *Smith* v. *State, ex rel.* (1895), 140 Ind. 343, 350, 39 N. E. 1060; *Smith* v. *Biesiada* (1910), 174 Ind. 134, 139, 90 N. E. 1009. But the charge is expressed in the words

of the statute, and counsel have not suggested a reason why that should be held insufficient. §1, Acts 1921 p. 736, §8356d Burns' Supp. 1921; *Donovan* v. *State* (1908), 170 Ind. 123, 127, 83 N. E. 744; *Rigrish* v. *State* (1912), 178 Ind. 470, 473, 99 N. E. 786; *Scherer* v. *State* (1919), 188 Ind. 14, 17, 121 N. E. 369.

An indictment is not required to show by negative averments that the defendant is not within an exception contained in some other section. *Jenkins* v. *State* (1919), 188 Ind. 510, 124 N. E. 748. And the question whether or not the grand jury heard incompetent evidence cannot be raised by a motion in arrest. §2159 Burns 1914, §283, Acts 1905 p. 584. Some authorities have held that this objection is not matter of defense at all. *Pointer* v. *State* (1883), 89 Ind. 255, 257; *Lesueur* v. *State* (1911), 176 Ind. 448, 451, 452, 95 N. E. 239; *State* v. *Dailey* (1913), 72 W. Va. 520, 79 S. E. 668, 47 L. R. A. (N. S.) 1207 and note.

There was evidence that an officer with a search warrant entered the house in Marion county, Indiana, where appellant lived with his wife, and found them and their children and three men who were jointly indicted with appellant, sitting at a table, eating their noon meal; that he found in the cellar of that house a sixty-gallon still, with a fire burning under it, in operation, with a double condensing coil, a whisky hydrometer, five gallons of "mule whisky," seven gallons of liquid mash, thirty-five barrels of salt mash, a box of corks and some other articles, and that the "odor of mash, whisky stilling," was plainly discernible up stairs and had been smelled by men hired to work in appellant's dairy, who lived there, for a month past; that appellant denied knowing that the still was there, and afterward said that he rented that part of the basement for a dollar a day to two of the other men who were there, but

those men denied this; that appellant operated a dairy and had a number of cows that were milking and sent the milk into Indianapolis each day in a truck. Appellant objects to the sufficiency of this evidence because, he says, the affidavit on which the search warrant was issued, although certified by the justice of the peace before whom it was made, and who issued the search warrant did not bear the impress of his seal. But more than seventy years ago it was enacted that a form of affidavit should be sufficient to authorize the issuance of a search warrant which did not require the use of a seal by the justice issuing it, and subsequent revisions of the statute have not changed the prescribed form. 2 R. S. 1852 p. 502, §1924 Burns 1914, Acts 1905 p. 584.

The statute by which justices of the peace are authorized to administer oaths, enacted in 1852 and still in force, does not make the exercise of that power to depend on the use of a seal. 2 R. S. 1852 p. 450, §17; §1436 R. S. 1881, §1724 Burns 1914.

And the recent act which makes "deeds, mortgages, powers of attorney, state warrants and all other instruments of writing pertaining to the official duty" of a justice of the peace, when attested by his seal and signature, "presumptive evidence of his official character in all courts of Indiana without further authentication," does not contain the slightest intimation that the impress of a seal shall be essential to the validity of a jurat certified by him, as distinguished from admitting in evidence the instrument to which it is attached without other proof of his official character. §1708 Burns 1914, §1, Acts 1905 p. 122. It appears that the magistrate before whom the oath was taken also issued the search warrant, and counsel admit that the warrant was duly attested by his seal, and that it recited that the seal was also affixed to the

affidayit, though they insist that the latter statement was untrue. It has been held many times that when an oath was administered by an officer of the court that was called upon to take judicial action based on such oath, so that the court knew the signature and official character of the officer, the omission of a seal was not reason for rejecting the affidavit thus certified as having been sworn to before one who the court knew was qualified to administer the oath. *Brooster* v. *State* (1860), 15 Ind. 190; *Buell* v. *State* (1880), 72 Ind. 523; *Hipes* v. *State* (1880), 73 Ind. 39; *Mountjoy* v. *State* (1881), 78 Ind. 172; *Beller* v. *State* (1883), 90 Ind. 448; *Hammann* v. *Mink* (1884), 99 Ind. 279; *State* v. *Osborn* (1900), 155 Ind. 385, 390, 58 N. E. 491; *Bloch* v. *Crumpacker* (1909), 44 Ind. App. 171, 88 N. E. 875; *James* v. *State* (1919), 188 Ind. 579, 125 N. E. 211.

The search warrant in question, having been duly issued by a justice of the peace upon the presentation of an affidavit sworn to before himself and containing a proper jurat signed by him, was not void merely because he had not yet affixed to the jurat an impression of his official seal.

Appellant also challenges the sufficiency of the description in the search warrant of the premises to be searched as identifying his house. But he has 8. not set out the search warrant in the statement of the record in his brief, either at length or in substance, and no question as to its sufficiency is presented.

The judgment is affirmed.